THE STATE ex rel. JAMES E. McHENRY, Petitioner, v. J. W. JENKINS, Respondent.

1. *Mandamus — Clerk — Term of office — Elections — Constitution — Vacating Ordinance — Construction of Statute.*—Under section 22, article VI, of the State constitution, the term of office of the clerk of a Circuit Court expired in January, 1867, even though in 1864 he had been elected for four years, and after the office had been declared vacant by the ordinance of March 17, 1865, and in pursuance of the provisions of that ordinance he had been reappointed "for the remainder of his term of office." But where no election of clerk was had in 1866, as provided in section 22, article VI, the prior incumbent, under the constitution, held over until the election and qualification of his successor.

2. *Elections, volunteer, of what effect.*—The omission to hold an election in 1866 could not be supplied by a subsequent one not provided for by law, and such election would be wholly void and of no effect.

*Petition for Mandamus.*

The facts appear in the opinion of the court.

*Jas. E McHenry, pro se.*

I. The judge of the Kansas City Court of Common Pleas had no right to go behind the certificate of election and inquire into the legality of the election. (41 Mo. 221.)

II. The provisions of section 22, article VI, of the constitution are remedial only, and not intended to operate as a vacating clause by shortening the term of said office. The term of said office was six years, before the adoption of this constitution, which fixes the term of office of all clerks at four years. Circuit clerks, under previous laws, were elected for six years. Now their term of office is four years. "The first election of such clerks," as used in the constitution, does not mean that all clerks should be elected in 1866, but that all clerks whose time expired after the adoption of the constitution, and previous to the "general

election" in 1866, should remain in office until that time, and further extended their term of office until the first Monday in the January following.

III. The law does not favor repeal by implication, nor do the decisions of this court favor the shortening of terms of office. (23 Mo. 507; 38 Mo. 531; 37 Mo. 597; 41 Mo. 453.) Laws relating to the same subject must be made to harmonize, if possible, and the unconstitutionality of a law must be clear; and if there be a doubt, the benefit must be given to sustain the law. (41 Mo. 453; 6 Cranch, 128; 3 Pet. 433, 448; 12 Wheat. 294; 8 id. 48.) A constitutional provision may be applicable to a subject in part and void in part. (Hardcastle v. Fisher, 24 Mo. 70.)

IV. If the position of the defendant be correct, that section 22 of article VI of the constitution repeals and abrogates the "vacating ordinance," under which Vincent holds the office, then we contend: 1st. That Vincent's term of office expired the first Monday in January, 1867, and there should have been an election held for a clerk of said court at the general election in 1866; but no election for such clerk having been held at that time, Vincent continued to hold the office, not for another term, but until the contingency provided for by the constitution should happen, to-wit: the election and qualification of his successor. 2d. That, because of the failure to vote for and elect a clerk of said court at the general election in 1866, the people are not precluded from saying, at a subsequent "general election" held in conformity with law, who shall be the clerk of said court. On the contrary, it is and was the right of the people, at the time appointed by the constitution for the electing of "such clerk" — to-wit, "at a general election" — to vote for and elect a clerk of said court.

*Cobb & Mitchell*, for respondent.

I. The election of McHenry is void for want of legal authority to hold an election for such clerk in the year 1868. The constitution of Missouri, section 2, article VI, provides that all clerks of courts of record, other than clerks of the Supreme Court and District Courts, "shall be elected by the qualified voters of the county

at a general election, and shall hold office for the term of four years from and after the first Monday of January next ensuing, and until their successors are duly elected and qualified. The first election of such clerks after the adoption of this constitution shall be at the general election in the year one thousand eight hundred and sixty-six, any existing law of this State to the contrary notwithstanding." This language is clear and unambiguous, and fixes the first election of all that class of officers at the annual election of 1866, and the length of terms, running from that date, at four years. Such language in a constitution cannot be wrested from its obvious meaning by judicial construction. The vacating ordinance was enacted before the constitution, to meet an emergency, and was intended to be superseded by the constitution; and wherever it is in conflict with the constitution it is repealed by that instrument.

II. There is no pretense that McHenry had been elected to fill a vacancy; nor could he have been, for the agreed case shows that no such election had been proclaimed by the governor.

III. An election without authority of law is void. If a principle so elementary can be strengthened by authority, it may be found in the case of The State ex rel. Crawford v. Robinson, 1 Kansas, and first case in the volume, where the governor was allowed to hold over his regular term a year, because his successor was elected at a time other than that provided by law.

IV. It is unnecessary to consider in this case whether Vincent is to hold the office for the full term, or whether a special election may be called to fill the remainder. We are of the opinion that he will hold till the commencement of the next regular term. (State v. Robinson, *supra*; People v. Van Horn, 18 Wend. 515.) The clerk holds, both by the law under which he was appointed and the constitution, until his successor is duly elected and qualified. (Local Acts 1855, p. 60, § 2; Const. Mo. art. XI, § 8.)

BLISS, Judge, delivered the opinion of the court.

Relator applies for a peremptory writ of *mandamus* upon the defendant, as judge of the Court of Common Pleas of Kansas City, to issue a commission to him as clerk of his court.

The relator was elected clerk at the last general election, received the proper certificate, and demanded a commission from the judge, which, by the act creating the court, it is his duty to give to the clerk. There was no irregularity in the election, if any election to fill this office could then be had. Mr. Vincent, the present acting clerk, was elected in 1864 for four years. The office was declared vacant by the vacating ordinance of March 17, 1865; he was at once reappointed by the governor, under the provision of the ordinance that the vacated office shall be filled by the governor "for the remainder of the term of each of said offices." The relator claims: 1. That the term of Mr. Vincent did not expire until the first Monday of January, 1869, and that there could have been no election to fill the office until the general election of 1868. 2. If his time expired in January, 1867, there should have been an election in 1866; yet, inasmuch as there was none, the omission can be supplied by an election in 1868.

Section 22, article VI, of the constitution provides that "clerks of all courts of record shall be elected by the qualified voters of the county at a general election, and shall hold office for the term of four years from and after the first Monday of January next ensuing, and until their successors are duly elected and qualified. The first election of such clerks after the adoption of this constitution shall be at the general election in the year one thousand eight hundred and sixty-six, any existing law of this State to the contrary notwithstanding."

If the constitution is to be followed, it is clear that "clerks of all courts of record" holding office under the constitution shall be elected; that the first election shall be in 1866; and that their term shall be four years. The constitution found in existence clerks in every county whose terms under existing law expired at different times. They had all been appointed by the governor under the vacating ordinance; and, had there been no constitutional provision on the subject, elections of their successors would have been held for some in 1866, some in 1868, and some in 1870. The object of this section of the constitution was to establish a uniform rule both for the length of the term and its commencement. That object could not have been secured in

plainer language than that used. If the constitution controls the matter, the term of Mr. Vincent expired in January, 1867, for the plain reason that it could not extend beyond the time when the office must be filled by a new election. It is claimed that the constitution does not interfere to shorten his term, and that he holds under the appointment of the governor for his full four years. This claim cannot be set up except upon the hypothesis that the ordinance is of equal force with the constitution, and that its provisions cannot be changed by that instrument, which will not be seriously pretended. That there might be no possibility of cavil, the draughtsman of that section, knowing that various general and local laws of the State had provided different modes of appointment, length and commencement of terms, added the last clause, "any existing law of this State to the contrary notwithstanding." We hold, then, that there should have been an election to fill the office at the general election of 1866.

But, as there was no such election, is there a vacancy? Or if not, who is the present clerk? By the terms of the act creating the Kansas City Common Pleas, as well as by the constitutional provision, the clerk shall hold his term until the election and qualification of his successor. Thus there is no vacancy, and Mr. Vincent holds over.

In relation to relator's second claim, that the omission to hold an election in 1866 can be supplied by one in 1868, we can only say that it is a valid one if the law provides for any such election. But he has failed to show us any such provision, and it would be difficult to give legal validity to a volunteer election. No election can be had unless provided for by law. As the law makes no provision for the election of clerks in 1868, such election is wholly void and of no effect. This position has never been questioned. In The State v. Robinson, 1 Kansas, 17, a question was raised as to the validity of an election for governor, and it was held that the election under consideration was not provided for by law, that the person elected could not take the chair, and that the previous governor should hold over until the next general election. No case has been known where a volunteer election has been held valid, even though the term of the incumbent had expired.

The writ is refused. The other judges concur.