The State ex rel. Hughlett v. Hughes.

THE STATE *ex rel.* HUGHLETT v. HUGHES, *Judge, et al.*

DIVISION ONE.

1. **Constitution:** TITLE OF ACT: ADDITIONAL TERMS OF COURT. The act of the legislature of April 11, 1889 ( Laws, p. 68 ), entitled " An act to repeal section 1147, of article 4, chapter 23, of the Revised Statutes of Missouri, entitled ' circuit courts,' and to enact a new section to be numbered 1147 in lieu thereof, providing for the times and places of holding circuit courts in Audrain, Pike, Lincoln and Montgomery counties," provided for two additional terms of the

The State ex rel. Hughlett v. Hughes.

circuit court to be held at Montgomery City, in Montgomery county, and which is not the county seat of said county, and also required the judge and clerk of the court to make the necessary preparations therefor. *Held* that the act is not in conflict with article 4, section 28, of the constitution, providing that no bill shall contain more than one subject which shall be clearly expressed in its title.

2. ———— : SPECIAL OR LOCAL LAW. Said act is not a special or local law, and, therefore does not fall within the provisions of article 4, section 54 of the constitution providing that, "no local or special law shall be passed until notice of the intention to apply therefor shall have been published in the locality."

3. ———— : REMOVAL OF COUNTY SEAT. Nor is said act in conflict with article 9, section 2, of the constitution providing, that "the general assembly shall have no power to remove the county seat of any county."

4. **Injunction :** CONSTITUTIONALITY OF LAW. An injunction in the name of the state on the relation of the prosecuting attorney against the circuit judge, the clerk and the sheriff, was a proper proceeding by which to test the constitutionality of the act.

*Appeal from Montgomery Circuit Court.*—HON. ALEXANDER MARTIN, Special Judge.

AFFIRMED.

*Warner Lewis* for relator.

(1) The remedy by writ of injunction shall exist in all cases to prevent the doing of any legal wrong whatever, whenever, in the opinion of the court, an adequate remedy cannot be afforded by an action for damages. R. S. Mo. 1879, sec. 2722, p. 457. And so the inquiry is, can an adequate remedy be afforded in an action for damages, if the acts sought to be restrained are permitted to be done, and the injunction refused? "One of the offices of an injunction is to prevent a multiplicity of suits where the whole question can be decided in one and the same proceeding. *Damschroeder v. Thias,* 51 Mo. 100; *Valle v. Zeigler,* 84 Mo. 214; *Book v. Earl,* 87 Mo. 246; Cooley on Taxation [2 Ed.] 763; *Mathias v. Cameron,* 62 Mo. 504; *State v. Saline Co.,* 51 Mo. 350; *Newmeyer v. Railroad,* 52 Mo. 81. And thus we see

the object of an injunction is preventive rather than restorative. See Snell's Princ. of Eq. [ Am. Ed. ] 481 ; *Overall v. Ruenzi*, 67 Mo. 203. ( 2 ) It has been uniformly held that a law is construed to be local or special, when by its application it relates to particular things or persons or a particular portion of a state, as for instance a county. Sedgwick on Const. Const'r [ 2 Ed. ] note p. 629 ; *Earle v. Board*, 55 Cal. 489 ; *People v. Supervisors*, 43 N. Y. 10 ; *State ex rel. v. Judges*, 21 Ohio St. 11 ; *State ex rel. v. Hermann*, 75 Mo. 340 ; *State v. Toole*, 71 Mo. 645 ; *State ex rel. v. Pond*, 93 Mo. 640 : *State v. Kring*, 74 Mo. 622 ; *State v. Philbrick*, 15 N. J. 579 ; *State v. Commissioners*, 14 N. J. 587 ; *Clark v. City*, 14 N. J. 581 ; *Frost v. Cherry*, Pa. A. 782 ; *City v. Savage*, 13 Pa. 919. The subject of the amendment was to establish courts at another place in Montgomery county, and there is nothing in the title indicating that purpose. The act is, therefore, obnoxious to section 28, article 4, of the constitution. *Ewing v. Hoblitzelle*, 85 Mo. 64 ; *State v. Miller*, 45 Mo. 497.

*D. H. McIntyre* also for relator.

( 1 ) The act complained of is local, for the reason that it affects the people and the property of one county only, and does not, either in its subject or operation, relate to the people of the state or their property in general. Sedgwick on Stat. and Const. [ 2 Ed. ] note on p. 529 ; *Earle v. Board*, 55 Cal. 489 ; *People v. Supervisors*, 43 N. Y. 10 ; *State ex rel. v. Judges*, 21 Ohio St. 1 ; *State ex rel. v. Hermann*, 75 Mo. 340. ( 2 ) An act which affects and has its operation in one or two counties only is local. *Earle v. Board*, 55 Cal. 489 ; *State ex rel. v. Judges*, 21 Ohio St. 1 ; *People v. Supervisors*, 43 N. Y. 10 ; *State ex rel. v. Hermann*, 75 Mo. 340 ; *State ex rel. v. Walton*, 69 Mo. 556. ( 3 ) Though the act in question may be a general law in form, yet it is local in its operation and

effect, and courts of justice cannot permit constitutional prohibitions to be evaded by dressing up special laws in the garb and guise of general statutes. *State ex rel. v. Hermann*, 75 Mo. 340; *Earle v. Board*, 55 Cal. 489; *State ex rel. v. Judges*, 21 Ohio St. 1. (4) Whether an act is local and special, or general, must be determined by its operation and effect, and not by its form. *State ex rel. v. Judges*, 21 Ohio St. 1; *State ex rel. v. Hermann*, 87 Mo. 340; *Earle v. Board,* '55 Cal. 489. (5) The act complained of, having no operation or effect except in Montgomery county, is clearly a local act, and should have been passed as such, and notice of the intention to apply to the legislature for the passage of such act should have been exhibited in the legislature, and the substance of such notice should have been recited in the bill. Const. 1875, sec. 54, art. 4; R. S. 1879, *et seq.*, sec. 6255, ch. 124. A law which applies only to a limited part of the state (as a county) and the inhabitants of that part is local. 2 Abbt. Law Dic., p. 56. (6) The provisions in the act complained of, fixing the times and places for holding the circuit court throughout the district, are in each of the counties precisely the same as those of the act of March 19, 1887, and these provisions, with reference to Audrain, Lincoln and Pike counties in the act complained of, are verbatim copies of said act of March 19, 1887, with the exception that the term Monday is used in the plural in the counties of Montgomery and Pike in the said act of 1887. Hence it follows these provisions being the same as the prior laws existing at the commencement of the revising session are continuations of existing laws, and not new enactments. Act of March 19, 1887, p. 147; Act of April 11, 1889, p. 68; Act declaratory of Revised Statutes, approved May 15, 1889, p. 146; *City v. Alexander*, 23 Mo. 509; *State ex rel. v. Heidorn*, 74 Mo. 410. The act complained of is violative of section 28, article 4, constitution, 1875, for the reason that the subject of the act is not clearly set forth in the title, nor

is it set forth at all.   The requirements of this section are mandatory.   *Ewing v. Hoblitzelle*, 85 Mo. 64; *State v. Miller*, 45 Mo. 495; *Cannon v. Hempbill*, 7 Tex. 184; Cooley's Con. Lim. [5 Ed.] pp. 93, 94. The title should not mislead nor tend to avert inquiry into the contents of the act.   *Holmes Case*, 77 P a. St. 77.   The title must be a fair index of the subject-matter of the bill.   *State ex rel. v. Miller*, 100 Mo. 439. (7)   This act is contrary to the precedents established by the legislature in passing acts on the same subject. Acts, 1877, p. 222; Acts, 1877, p. 215; Acts, 1879, p. 84; Acts, 1887, p. 141; Acts, 1889, p. 86.   (8) Injunction is the proper remedy, and the only remedy that can be resorted to.   The acts sought to be restrained are ministerial in their nature, and are wholly unauthorized by law.   Such acts are, therefore, legal wrongs within the meaning of the statutes.   R. S. 1889, sec. 5510; *State ex rel. v. Court*, 51 Mo. 350; *Mathias v. Cameron*, 62 Mo. 504; *Railroad v. Apperson*, 97 Mo. 300; *Bank v. Kercheval*, 65 Mo. 682.   Jurisdiction of equity to restrain public officers by suit at the relation of the prosecuting attorney or the people in violation of law to the prejudice of the public is well established.   High on Injunction [2 Ed.] sec. 1327; *People v. Board*, 55 N. Y. 390. The state, through its proper officers, may restrain the enforcement or execution of unconstitutional acts.   2 High on Injunctions, secs. 1282, 1304.   Injunction will issue to prevent the invasion of legal rights without the proof of great damages or proof of any damages. *Railroad v. Railroad*, 69 Mo. 65; *Com. v. Railroad*, 24 Pa. St. 160; *Bank v. Kercheval*, 65 Mo. 682; *Harris v. Board*, 22 Mo. App. 462.

*G. Pitman Smith* for respondents.

(1)   Relator has not the capacity to bring this action, it not being against any public corporation or municipality.   *State ex rel. v. Court*, 51 Mo. 350; *Ewing v. Board*, 72 Mo. 436.   (2)   Relator has mistaken his

remedy. The question should be raised in the court itself, when pretending to act by some party about to be subjected to its process or jurisdiction. *Vitt v. Owens*, 42 Mo. 512; *City v. Wright*, 69 Ill. 318; *Ewing v. Board*, 72 Mo. 440; *State v. Johnson*, 4 Wall. 475. (3) The bill should be dismissed for want of equity, and, lacking this, the court will not proceed to declare an act unconstitutional upon some abstract proposition, or mere theory framed for the occasion. *People v. Board*, 55 N. Y. 395; *Deckhaus v. Ordelheid*, 22 Mo. App. 76. (4) Injunction would be useless, · as the action of the court now would not result in anything but an empty decree ; because, at the time of trial below, all the things from the doing of which relator fears injury had been done, and rooms and offices provided for all time to come free of cost to the county. (5) The general judiciary law of the state now provides that circuit court shall be held at certain times and places in Montgomery county. R. S. 1889, sec. 3365. (6) Whenever a power is given by statute, everything necessary to making it effectual is given by implication. *Sheidley v. Lynch*, 95 Mo. 492; *Boone Co. v. Todd*, 3 Mo. 140; *Ex parte Kiburg*, 10 Mo. App. 422; *Harper v. Jacobs*, 51 Mo. 296; 71 Mo. 454. (7) Rejecting the provisions of this act for carrying out its chief intent, the general law on the subject, without resorting to implication, authorized all the acts threatened by the defendant. R. S. 1879, secs. 1104, 623, 625, 628, 1024, 3887; Acts, 1885, p. 107; *Whallon v. Ingham*, 51 Mich. 504. (8) Every presumption will be indulged in favor of the validity of an act of the legislature, and courts will not declare it unconstitutional except in a very clear case. Cooley's Con. Lim. [ 3 Ed.] 181-3; *State v. Laughlin*, 75 Mo. 150; *State v. Pond*, 93 Mo. 606; *Hamilton v. St. Louis Co.*, 15 Mo. 3; *Phillips v. Railroad*, 86 Mo. 540; *The State to use v. Aubuchon*, 8 Mo. App. 328; *Ogden v. Saunders*, 12 Wheat. 270. (9) If a statute attempts to accomplish two or more objects,

and is void as to one, it will still be held valid as to the others, if they can be separated. Cooley's Con. Lim. 177, 178; *Allen v. Louisiana*, 103 U. S. 83; *City v. Railroad*, 14 Mo. App. 225; *State v. Williams*, 77 Mo. 313; *Ensworth v. Curd*, 68 Mo. 283. (10) Matters germane to the general subject expressed in the title to an act are properly united in the provisions of the bill. *Ensworth v. Curd*, 68 Mo. 285; *State ex rel. v. Wood*, 71 Mo. 266; *Bergman v. Railroad*, 88 Mo. 678; *Ewing v. Hoblitzelle*, 85 Mo. 64. (11) The subject of the bill is clearly expressed in the title. It is sufficient if the general subject-matter is fairly embraced. Mere matters of detail need not be stated in the title; but these are mere incidents to the general objects of the act, and do not make it a local law. *State ex rel. v. Miller*, 100 Mo. 445. (12) The constitution contemplates the holding of sessions of the circuit court at different "places in each county" and expressly authorizes the law-making power to fix those "places." Const., art. 6, sec. 22. (13) The circuit court is the "judicial power of the state;" and embodied in the person of the state's officer, called the circuit judge, is by organic law commanded to enter each county at least twice a year to exercise its functions. Const., art. 6, sec. 22. (14) This judicial power, as lodged in the various courts established by the constitution, constitutes one of the three co-ordinate branches of the state or sovereignty, and all legislation relating thereto is necessarily general, because it relates to the power and operations of the great sovereignty itself. Const., art. 3; *State ex rel. v. Shields*, 14 Mo. App. 259. (15) No law can be local or special within the meaning of the constitution, which results directly from a specific constitutional power. *State ex rel. v. Shields*, 4 Mo. App. 259; *State ex rel. v. Walton*, 69 Mo. 558; *Ewing v. Hoblitzelle*, 85 Mo. 75. (16) The people of a county have nothing to say as to when or where the state shall hold its courts, or how

they shall be conducted; but the legislative branch of the government has full control of the whole matter, subject only to the one express limitation of the constitution, that "at least two terms shall be held every year in each county." Const., art. 6, sec. 22 ; 51 Mich. 504. ( 17 )  The county seat has no connection with the circuit court, except by association, and the constitution nowhere intimates that any session of the circuit court must be held there.  Const. ; 51 Mich. 513–14. (18)  The effect of the act is to establish Montgomery City as a place for holding a session of the circuit court of the state, not to establish a new court.  *Trimble v. State*, 2 Greene (Iowa) 404; 51 Mich. 504.

BRACE, J.—The Thirty fifth General Assembly passed an act approved April 11, 1889, entitled " An act to repeal section numbered 1147 of article 4, chapter 23, of the Revised Statutes of Missouri, entitled 'Circuit courts,' and to enact a new section to be numbered 1147 in lieu thereof providing for the times and places of holding circuit courts in Audrain, Pike, Lincoln and Montgomery counties."  Sess. Acts, 1889, p. 68.

By article 3 of the constitution of this state, the powers of government are divided into three distinct departments :  The legislative, executive and judicial. By article 6, section 1, the judicial power is vested in the circuit and other courts therein specified.  By section 22 of said article, original jurisdiction both civil and criminal in all cases, not otherwise provided for by law, is vested in the circuit court, and concurrent jurisdiction with, and appellate jurisdiction from, inferior tribunals as may be provided by law, and, by section 23 of the same article, a superintending control over all inferior tribunals is given to the circuit court.

By section 22, it is further provided, that " It shall hold its terms at such times and places in each county as may be by law directed, but at least two  terms shall be held every year in each county."  Section 24 requires

the division of the state into convenient circuits and the election of a judge in each circuit.

Article 4, chapter 23, of the Revised Statutes of 1879, is the general law enacted for the purpose of putting in operation the foregoing constitutional provisions, by providing for the election of circuit judges, the division of the state into judicial circuits, and appointing the times and places when and where terms of the circuit court shall be held in each judicial circuit.

Section 1147 of that article appoints the times and places for holding circuit courts in the third judicial circuit composed of the counties of Audrain, Pike, Lincoln and Montgomery. By this section but two terms of the circuit court were required to be held in Montgomery county. By the act of April 11, 1889, no change in the terms of the court to be held in either of the other counties of the circuit is made, but the act requires that four terms of the circuit court be held in Montgomery county: Two at Danville, the county seat, and two at Montgomery City in said county. The defendants are the judge of the third judicial circuit and the clerk and sheriff of Montgomery county. The terms of the circuit court in said county having always hitherto been held at the county seat, it was necessary that a proper house should be selected, and conveniences prepared for the transaction of business at Montgomery City. The act authorized said officers, to make these preparations, and contains other provisions incident to the holding of two more terms of the circuit court at a place other than the county seat, in said county. The defendants were proceeding to perform the preparatory acts enjoined upon them by this act, when this proceeding by injunction was instituted. Hon. ALEX. MARTIN was selected as special judge; a temporary injunction was refused. Upon final hearing the bill was dismissed, and the relator appeals.

The relator maintains that the defendants ought to be restrained from performing the ministerial acts

required of them by said amendatory act, and essential to carry into effect its provisions for holding two terms of the circuit court at Montgomery City, on the ground that the act is unconstitutional. The provisions of the constitution to which he claims it is obnoxious are section 28, article 4: "No bill (except general appropriation bills * * * ) shall contain more than one subject which shall be clearly expressed in its title."

Section 54, article 4: "No local or special law shall be passed unless notice of the intention to apply therefor shall have been published in the locality where the matter or thing to be affected may be situated * * *."

Section 2, article 9: "The general assembly shall have no power to remove the county seat of any county * * *."

I. As the judicial circuits of the state are generally composed of several counties, all presided over by one judge, in order that there may be no conflict of terms, it is necessary that the time of holding terms of court in each county shall be arranged with reference to the terms to be held in the other counties of the same circuit.

The subject of appointing the terms of the circuit court for the several counties composing a single circuit is, therefore, a single subject, and it has always been the practice of the legislature to provide in a single and separate section for the holding of such terms in all the counties of any one circuit. It is so provided in the act under consideration, and the act is not objectionable on that account. By the constitution the legislature, as we have seen, is invested with power by law to fix the times and places of holding terms of the circuit court in each county; it is not restricted to one, or any number of places, or to any particular place in a county, and the fact that two places are provided in one act, in which terms of the circuit court in any county are to be held, does not destroy the unity of the subject of the act, providing for holding terms of the circuit court in

such county, and if in one of the places designated terms of the circuit court had not theretofore been held and necessary preparatory acts should be required to be done, whereby terms thereafter could be held at such place, such requirement, being simply a provision of the means necessary to the accomplishment of the main purpose of the act, is incident and germane to the subject thereof, and might well be embraced therein. *State ex rel. v. Miller*, 100 Mo. 439; *Bergman v. Railroad*, 88 Mo. 678; *Ewing v. Hoblitzelle*, 85 Mo. 64.

The act in question cannot be said to embrace more than one subject, whose title is clearly expressed in the words, "An act providing for the times and places of holding circuit courts in Montgomery county."

II. Much stress is laid upon the second constitutional objection, and it is strenuously c n ended that the act in question is a local and special law. We have examined the many authorities cited by counsel in their brief, but find nothing therein to support this contention. And it does seem that the provisions of the constitution hereinbefore cited ought to be a sufficient answer to this objection. By it the circuit court is invested with much the largest share of the power of one of the grand departments of the state government, the judicial department. It is the only court of general original jurisdiction in both civil and criminal cases in the state. The due administration of the laws of the state is more largely dependent upon the prompt, proper and efficient exercise of its power, than upon all other governmental agencies. Every citizen of the state is interested in such an administration, not only in the particular locality in which he may happen to reside, but in every nook and corner of the state ; for he cannot tell in what hour he may need the protection of those laws administered by this tribunal, nor in what part of the state.

The constitution undertakes to guarantee to all its citizens that, at least twice in every year, its power by

this tribunal shall enter the borders of every county in the state for the protection of life, liberty and property, whether the citizens of the county so desire or not, and oftener, if, in the judgment of the legislature, it be necessary or expedient; and that its terms shall be held at such times and places as the legislature may choose to designate. The time when and place where in any county the circuit court shall be held is, by the constitution, given directly in charge to the legislature; its judges are commissioned and paid by the state. It is pre-eminently a state court, affecting in its operations all the citizens of the state, deriving its powers directly from the organic law of the state and laws passed by the legislature in pursuance thereof, and, whenever and wherever held, it is the circuit court of the state of Missouri within and for the county in which it is held; it is not, and in no sense can be, a local court, nor can any law the legislature may pass regulating the time and place of holding its terms be a local law. The fact that for convenience the state is divided into judicial circuits, and a judge elected for each circuit, who is required to hold terms in each county of his circuit, does not disintegrate the court, or localize it, but simply provides convenient channels through which the power of the state vested in this tribunal may freely flow to all parts of the state for the beneficent purposes for which it was placed in such tribunal.

"No law can be either special or local, within the meaning of the constitution, which results directly or indirectly from a specific constitutional requirement." *Ewing v. Hoblitzelle, supra; State ex rel. v. Shields,* 4 Mo. App. 259; *Whallon v. Ingham,* 51 Mich. 503. Nor can the efficient operation of the functions of a department of the state government be in any manner subject to the control, or dependent upon the action, of the citizens of any particular locality in the state. In the nature of things, the act in question is not, and cannot be, a special or local law. r

III.   From what has been said, it is apparent that the legislature has the power to provide for holding terms of the circuit court at more than one place in a county.   Where no such provision is made, and no place is named, the immemorial custom has been to hold such term at the county seat.   But the holding of the circuit court there does not make it the county seat, and such custom cannot limit the express power, given by the constitution, to provide for holding terms of the circuit court at a place other than the county seat, and when such other place is appointed, while it becomes a seat of justice in said county, it does not become a county seat.   The county seat is where the business of the county is transacted, where local tribunals sit for the transaction of local and county business, and where county officers have their offices.   The act in question, even if it did not provide for holding terms of the circuit court at the county seat, would not have the effect, directly or indirectly, of removing the county seat; in point of fact, however, under its provisions, the same number of terms of the circuit court are to be held at the county seat as before, and there is nothing in the act obnoxious to the third constitutional objection.

IV.   While it is, perhaps, unnecessary to pass upon the question, it would seem there can be little doubt that injunction is the proper remedy for the relief sought in this action, and that the action was properly brought on the relation of the prosecuting attorney.   R. S. 1889, sec. 5510 ; 2 High on Injunction, sec. 1327 ; *State ex rel. v. Court*, 51 Mo. 350.   The judgment of the circuit court is affirmed.   All concur.