THE STATE ex inf. ATTORNEY-GENERAL v. DABBS.

In Banc, June 7, 1904.

1. **CONFLICTING STATUTES: Later Enactment.** Where one statute provides that at the general election in the year 1904, and at the general election every six years thereafter, all circuit judges shall be elected and shall enter upon the duties of their offices on the first Monday of January next ensuing, and a later enactment provides for the election of an additional judge of the circuit court of Jasper county and for his appointment by the Governor and for the election of his successor at the general election in 1902 and every six years thereafter, the later enactment, if the two are in conflict, will prevail.

2. ————: **Particular and Special Acts: Exception.** Where two statutes are enacted at the same session of the General Assembly, one of them relating to a particular office, and the other general enough to include that office if standing alone, the one relating to the particular office must be taken as intending an exception to the general rule laid down by the other, even though the general act should be passed in point of time subsequently to the other.

3. ————: ————: ————: **Officers: Election: Failure to Qualify: Tenure of Office: Vacancy: Under Particular Statute.** A statute provided that the Governor should appoint an additional circuit judge for Jasper county, who should serve until the first Monday in January, 1903, and until his successor should be elected and qualified, and that at the general election to be held in November, 1902, and every six years thereafter, the additional circuit judge provided for by said act should be elected. *Held*, that a failure to elect at the general election in November, 1902, or the failure of the person then elected to qualify, did not and will not authorize an election at any other time than that fixed by said statute, even though there is another general statute providing that all circuit judges shall be elected at the general election in November, 1904, and every six years thereafter. And the respondent having been appointed by the Governor under said statute, which provides that "he shall continue in office until his successor is elected and qualified," and the person who was elected in November, 1902, having died without having qualified, there is no vacancy in the office, and the respondent is entitled to the office until his successor is

State ex inf. v. Dabbs.

elected at the only time fixed by the act at which elections can be held, to-wit, November, 1908.

4. **OFFICE: Election: Failure to Qualify: Vacancy.** Where a legal election is held, and the person elected fails to qualify, there is no vacancy in the office, and if such elected person dies without having qualified, the incumbent holds over to the time fixed by law for the election of his successor.

Quo Warranto.

WRIT DENIED.

*Edward C. Crow,* Attorney-General, for informant.

*W. M. Williams* for respondent.

(1)   It was entirely competent for the General Assembly to provide an additional judge for the circuit court of Jasper county, as is done by the act of March 25, 1901. Laws 1901, pp. 120-1. The Constitution expressly confers this power. Sec. 28, art. 6, Const.   (2) The act creating this office is not a special law, and does not come within the inhibition of sections 53 and 54 of article 6 of the Constitution. State ex rel. v. Yancy, 123 Mo. 400; State ex rel. v. Hughes, 104 Mo. 459; State ex rel. v. Field, 119 Mo. 611.   (3)   The act approved March 25, 1901, providing an additional judge of the circuit court of Jasper county is in no manner affected by the general law fixing the time for the election of circuit court judges, as amended by section 1749 of the act approved March 13, 1901. Laws 1901, p. 114.   (a) The office now held by respondent had not been created at the time of the passage and approval of the last mentioned act.   (b)   If it could be held that there is a conflict between the provisions of the two acts, the statute relating to the circuit court of Jasper county is the later expression of the legislative will and must control. Endlich on Interpretation of Statutes, sec. 190; Mead v. Bagnall, 15 Wis. 161.   (c)   Again, where there are two legis-

lative acts, one special and relating to a particular office, and the other general enough to include said office, if standing alone, and especially when said acts or provisions were both passed at the same session of the Legislature, the special act must be taken as intended to constitute an exception to the general act or provision, and is not repealed by the general law, even though the latter should be passed subsequent in point of time to the former. Manker v. Fahlhauber, 94 Mo. 441; State ex rel. v. Goetze, 22 Wis. 365; Ruschenberg v. Railroad, 161 Mo. 85; Crane v. Reeder, 22 Mich. 333; State ex rel. v. Hostetter, 137 Mo. 644; Endlich on Interpretation of Statutes, sec. 188. (4) There is no law authorizing an election for this office at any other time than November, 1902, and every six years thereafter. A failure to elect at the time fixed by the statute, or the failure of the person chosen to qualify, will not warrant the holding of another election at a different time from that prescribed by the Legislature. No election can be held unless provided for by law. State ex rel. v. Jenkins, 43 Mo. 265; State ex rel. v. Thomas, 102 Mo. 91; In re Wooldridge, 30 Mo. App. 618; Cooley's Constitutional Limitations (7 Ed.), 892; Mechem, on Public Officers, secs. 141-2; McCann's Case, 81 Mo. 479. (5) The act of March 2, 1901, creating an additional judge of the circuit court of Jasper county, under which respondent was appointed and commissioned, expressly provides that: "He shall continue in office until the first Monday of January, 1903, and until his successor is elected and qualified." His successor was elected at the general election in 1902, at the time provided by law, but died without qualifying. Respondent is, therefore, "entitled to hold over until the next regular time for holding an election to fill that office." State ex inf. v. Smith, 152 Mo. 512; State ex rel. v. Seay, 64 Mo. 89; State ex rel. v. Jenkins, 43 Mo. 265; State ex rel. v. Smith, 87 Mo. 160; State ex rel. v. Thompson, 38 Mo. 192; Kimberlain v. State of Indiana, 14 L. R. A. 858;

Ransome's Case, 73 Mo. 78. (6) Section 1631 of the statutes and the cases construing the same have no application here. The respondent was appointed under the act creating the office, which he now holds, and which specially provides that, as soon as said act should go into effect, a judge should be appointed to serve "until the first Monday of January, 1903, and until his successor is elected and qualified." The statute specially applicable to this office must control. State ex rel. v. Goetze, 22 Wis. 365; Ruschenberg v. Railroad, 161 Mo. 85. (7) The act of March 25, 1901, declares in terms that respondent shall "continue in office" not only "until the first Monday of January 1903," but "until his successor is elected and qualified." The time intervening between said first Monday of January, 1903, and the election and qualification of his successor, is as much a part of the term for which he was appointed, as the period preceding said first Monday of January, 1903. State ex rel. v. Smith, 87 Mo. 158.

BURGESS, J.—This is a proceeding by the Attorney-General *ex informatione* against the defendant to require him to show his authority for holding the office, performing the duties and exercising the functions of judge of the Twenty-fifth Judicial Circuit, composed of Jasper county.

The return pleads that the General Assembly, by an act approved March 25, 1901, provided that the circuit court of Jasper county should thereafter be composed of two judges, each of whom should separately try causes, exercise all the powers and perform the duties imposed upon circuit judges; that the judge of said court then in office should continue until the term for which he was elected has expired and until his successor should be duly elected and qualified, and that he and his successors should preside over "Circuit Court Division No. 1."

It is then set up in the return that it was further enacted by said statute that, upon the taking effect of said act, the Governor should appoint an additional circuit judge for said court, who should preside over "Circuit Court Division No. 2," and that the person so appointed should continue in office until the first Monday of January, 1903, and until his successor should be elected and qualified, and that at the general election to be held in November, 1902, and every six years thereafter, the additional circuit judge provided for in said act should be elected; that said act contained an emergency clause, and went into effect on the twenty-fifth day of March, 1901.

The respondent then states that the Governor of the State of Missouri, on the twenty-eighth day of March, 1901, under and in accordance with the provisions of said act, and by virtue of the authority vested in him by said statute, and the Constitution and laws of this State, did appoint the respondent as the additional judge for said judicial circuit, to hold said office until the first Monday of January, 1903, and until his successor should be elected and qualified, as provided in said statute, and that the Governor on said date duly issued a commission to the respondent as such judge.

The return also alleges that at the time of his said appointment, and when said commission was issued to him, respondent had attained the age of thirty years; had then been a citizen of the United States for more than five years; a qualified voter of this State for three years; a resident of the county of Jasper and State of Missouri, composing the Twenty-fifth Judicial Circuit of said State, and was learned in the law; and that he has ever since been and now is a citizen of the United States, and a qualified voter of said county of Jasper in the State of Missouri; that after receiving his said commission, and before entering upon the duties of said office, he took and subscribed an oath, on the twenty-ninth day of March, 1901, to support the Constitution of

the United States and of this State, and to demean himself faithfully in the office of judge of the circuit court of the Twenty-fifth Judicial Circuit of the State of Missouri, and that a certificate that said oath was taken by him, was duly indorsed on his said commission; that thereupon the respondent entered upon the discharge of his duties as judge of said court, and has ever since duly and regularly performed the same under and by virtue of his appointment, commission and qualification aforesaid.

The return further states that at the general election in November, 1902, one F. M. Redburn, a citizen of Jasper county, possessing all the necessary qualifications, was duly elected respondent's successor as judge of said circuit court, but that said Redburn died the day after his election, without having received a certificate of election, or a commission, and without taking the oath of office, or having qualified as such officer; that no successor of respondent has been elected since said date, and that no election can be held therefor until the general election in November, 1908, the time provided in the statute creating said office; that respondent, by virtue of his appointment, commission and qualification aforesaid, is entitled to hold said office until his successor shall be elected at the general election in November, 1908, and shall duly qualify as such officer, and the respondent prays judgment that his title to said office until that time be established and confirmed by the judgment of this court.

The Attorney-General filed a demurrer to this return, assigning as grounds therefor, that it is insufficient in law, and that the death of said Redburn created a vacancy in said office, and that upon the facts set up in the return, respondent is not entitled, as a matter of law, to hold said office until the general election in November, 1908.

The case is submitted to the court upon this demurrer, and the question to be decided is the duration

of respondent's term under his appointment to serve until the "first Monday of January, 1903, and until his successor is elected and qualified."

Section 28, article 6, of the Constitution, provides that "in any circuit composed of a single county, the General Assembly may, from time to time, provide for one or more additional judges, as the business shall require," so that there can be no question as to the authority of the General Assembly to provide an additional judge for the circuit court of Jasper county.

The question then is—as to whether the act of March 25, 1901, creating the office in question, is a special law and comes within the inhibition of sections 53 and 54 of article four of the Constitution, prohibiting the passage by the General Assembly of local and special laws. In passing upon a similar question in State ex rel. v. Yancy, 123 Mo. 391, it was said:

"Since the adoption of the present Constitution the number of judges of the circuit court composed of the county of Buchanan as one circuit, and also of Jackson as another circuit, have been increased, by legislative enactment, and it will not, we presume, be seriously contended that such legislation was either local or special." [State ex rel. Hughlett v. Hughes, 104 Mo. 459; State ex rel. v. Field, 119 Mo. l. c. 611.]

It may be said that there is a conflict between the act approved March 25, 1901, providing an additional judge of the circuit court of Jasper county, and the general law fixing the time for the election of circuit judges, as amended by section 1749, of the act, approved, March 13, 1901 (Laws 1901, p. 114), which provides that at the general election in the year one thousand nine hundred and four, and at the general election every six years thereafter, all the circuit judges shall be elected and shall enter upon the duties of their offices on the first Monday in January next ensuing. But the office now held by defendant was not created until after the passage of that act, and, if there is a conflict between

the two acts, the one with respect to the circuit court of Jasper county must prevail because it is the later expression of the legislative will. [Endlich on the Interpretation of Statutes, sec. 190; Mead v. Bagnall, 15 Wis. 156.]

It seems that both the acts of March 25, 1901, and March 13, 1901, were passed at the same session of the Legislature; one of them relates to a particular office, and the other is general enough to include the same office, if standing alone, and in such circumstance the act with respect to a particular office must be taken as an intended exception to the general act, and as not being repealed by the general law even though the latter should be passed subsequent in point of time to the former. [Manker v. Faulhaber, 94 Mo. 430.]

In State ex rel. v. Goetze, 22 Wis. 363, the court had under consideration which of two sections of a statute should prevail, one of which related specifically to the office of county judge, while the other related to county officers in general. The court observed:

"There is no rule of construction more reasonable, and none better settled, than that special provisions of a statute in regard to a particular subject, will prevail over general provisions in the same or other statutes, so far as there is a conflict. This rule is thus stated in Dwarris on Statutes, p. 658: 'Where a general intention is expressed, and the act also expresses a particular intention incompatible with the general intention, the particular intention is to be considered in the nature of an exception. While, if a particular thing is given out or limited in the preceding parts of a statute, this shall not be taken away or altered by any subsequent general words of the same statute.'" [Ruschenberg v. Railroad, 161 Mo. 70; Crane v. Reeder, 22 Mich. 322; Endlich on the Interpretation of Statutes, sec. 188; State ex rel. v. Hostetter, 137 Mo. 636.]

By the act of March 25, 1901, it is provided that "upon the taking effect of this act, the Governor shall

appoint an additional judge for said court," and it then provides for the election of a successor at the general election in November, 1902, and every six years thereafter, but it nowhere provides for an election for this office at any other time. A failure to elect at the time fixed by the statute, or the failure of the person chosen to qualify, will not, we think, authorize the holding of an election at any other time than that fixed by the act of the Legislature. [State ex rel. McHenry v. Jenkins, 43 Mo. 261; State ex rel. Attorney-General v. Thomas, 102 Mo. 85; In re Wooldridge, 30 Mo. App. 618; Cooley's Constitutional Limitations (7 Ed.), 892; Mechem on Public Officers, secs. 141, 142.]

In State ex rel. v. Jenkins, supra, it is said:

"In relation to relator's second claim, that the omission to hold an election in 1866 can be supplied by one in 1868, we can only say that it is a valid one if the law provides for any such election. But he has failed to show us any such provision, and it would be difficult to give legal validity to a volunteer election. No election can be had unless provided for by law. As the law makes no provision for the election of clerks in 1868, such election is wholly void and of no effect."

It was said in Woolridge's case, supra, that "an election held at a time not provided for by law has no greater force than no election at all."

As the act of March 25, 1901, provided for the election of a judge of the circuit court of Jasper county at the general election in November, 1902, and every six years thereafter, there is no authority in the statute for holding an election for that office at any other time, and this is true although there may be a general election for other officers before that time. The statute is too plain for argument upon this question.

The act of March 25, 1901 (Laws 1901, p. 120), providing for an additional judge of the circuit court of Jasper county, under which defendant was appointed and commissioned, provides, that "he shall continue in

office until the first Monday of January, 1903, and until his successor is elected and qualified.'' His successor was elected at the general election held in November, 1902, but died before qualifying and it must follow that defendant is ''entitled to hold over until the next regular term for holding an election for that office.'' [State ex inf. v. Smith, 152 Mo. 512.]

In speaking of the case of the State ex rel. v. Seay, 64 Mo. 89, in the Smith case, Judge MARSHALL said: ''It appeared that at the regular election in 1868 Gale was elected circuit judge for a term of four years. At the regular election in 1874 McCord was elected his successor, and he duly qualified, but two days before his term was to begin he died. A special election was held in March, 1875, to fill the vacancy, and the defendant, Seay, was duly elected and properly qualified. Gale refused to surrender the office, claiming that as McCord died before entering upon the duties of the office there was no vacancy and hence the special election was void. But on *quo warranto* against Seay it was held that a successor to Gale had been duly elected at the regular time for electing a judge for that court, and he had duly qualified, and this ended Gale's term and tenure notwithstanding McCord died before entering upon the discharge of the duties of the office and before his term began, and hence there was a vacancy and a special election was properly ordered and Seay was entitled to hold the office. It was pointed out, however, that if McCord had died after he was elected but before he had qualified there would have been no vacancy in the office and Gale would have been entitled to hold over until the next regular time for holding an election to fill that office.'' It was also further said: ''In the case at bar Haughton was appointed under section 7 of the act of 1891, to fill the unexpired term of Sheehan, which ended at the regular election in 1898, and until his successor was duly elected and qualified. The attempted election of his successor in 1898 failed by reason of a tie vote.

No successor was then elected and hence none qualified. Therefore no vacancy existed or occurred in the office. . . . In all such cases it is immaterial whether the want of a successor results from a failure to hold such an election (or, as here, a failure to elect by reason of there being a tie vote), 'the failure of the person elected to qualify, or from the legal change in the time for holding an election.' "

The same rule is announced in State ex rel. McHenry v. Jenkins, 43 Mo. 261; State ex rel. Robinson v. Thompson, 38 Mo. 192.

The act of March 25, 1901, provides that the appointee shall continue in office until his successor is elected and qualified. This has not been done, and the time intervening between the first Monday of January, 1903, and the election and qualification of his successor is as much a part of the term for which he was appointed as the period next preceding the first Monday of January, 1903.

As a successor to defendant can not now be elected and qualified until after the general election in 1908, he is entitled to hold the office and to discharge its duties until that time.

It follows from what has been said that the demurrer to the return to the writ should be overruled, the writ of ouster denied, and the proceeding dismissed. It is so ordered.

All concur except *Robinson, C. J.,* who dissents.