STATE OF MISSOURI ex rel. CLOYD ROSS BOTHWELL, Relator, v. J. H. GREEN, Clerk of the County Court of Pettis County, Missouri. No. 39077.—180 S. W. (2d) 12.

Court en Banc, April 21, 1944.

*F. M. Ross* and *Frank W. Hayes* for relator.

802

*Hazel Palmer* for respondent.

804

DOUGLAS, C. J.—This is an original proceeding in mandamus. Relator seeks to compel respondent, the County Clerk of Pettis County, to accept relator's declaration of candidacy for the office of Collector of Revenue,and to place relator's name on the ballot for the Republican primary election to be held on August 1, 1944. The respondent refused to accept relator's declaration on the advice of the Attorney General.

The regular term of the county collector is four years. The term begins on March 1. The election for the office, as for other offices, is at the general election in the preceding November. J. B. Greer had been elected county collector many times. He was the incumbent in November, 1942 when he was reelected for an additional term to commence March 1, 1943. Greer died on December 25, 1942,

before the expiration of his current term and before he had qualified for the succeeding term. On December 30, 1942 the governor appointed Hazel Palmer to fill the vacancy created by Greer's death. She is now holding the office.

The question for decision is whether Hazel Palmer, after serving the unexpired term, holds over for the full regular term of four years from March 1, 1943; or whether the office is open for election for the remainder of the regular term at the general election to be held in November of this year.

We shall discuss this case as if Hazel Palmer were respondent. She contends she is entitled to serve the full four-year term so there is no vacancy to be filled at the coming general election for the unexpired portion of that term. She claims that upon her appointment she served out the unexpired portion of the preceding term which ended February 28, 1943. Then on March 1, being the incumbent of the office, and having been appointed to serve until her successor was elected and qualified, and there being no qualified successor because of Greer's death, she entered upon the regular term and is now entitled to serve it throughout. The regular term continues until March, 1947. Consequently, she says, there is no vacancy to be filled until the general election of 1946 when her successor would be regularly chosen to serve upon the expiration of the full term.

There is a general rule in a majority of jurisdictions that the death or disability of an officer-elect before qualifying does not create a vacancy in the office, and that under the provision that an incumbent shall hold his office until his successor is elected and qualified the prior incumbent is entitled to continue in the office until the election and qualification of his successor. Anno. 74 A. L. R. 486. The rule springs solely from the constitutional and statutory provisions of the jurisdictions which apply it.

Hazel Palmer asserts that since, under the rule, her predecessor's death created no vacancy in the succeeding term that she is entitled to serve it in full. She relies on State ex inf. Crow v. Dabbs, 182 Mo. 359, 81 S. W. 1148 which is cited in support of the rule. That case held the death of a person elected a circuit judge before he had qualified created no vacancy in the office and the incumbent of the preceding term was entitled to serve the full ensuing term. There is dictum in State ex rel. v. Seay, 64 Mo. 89, and quoted in State ex rel. Crow v. Smith, 152 Mo. 512, 54 S. W. 221 which is to the same effect. But State ex inf. Crow v. Dabbs was overruled in State ex inf. Major v. Amick, 247 Mo. 271, 152 S. W. 591. The author of the principal opinion in that case attempted to distinguish the Dabbs case but his opinion did not receive the unqualified concurrence of a majority of the judges. On the other hand a majority concurred in a separate concurring opinion which held that the court should not attempt to distinguish the Dabbs case nor justify its ruling because

it was wrong under our Constitution and Statutes. The facts in the latter case showed a circuit judge had resigned creating a vacancy which was filled by the appointment of the respondent. At the next general election, but not the regular election for that office, another person was elected for the unexpired term. The respondent claimed such election was void because it was not a regular election for the office and that he was entitled to serve out the regular term under his appointment. This court construing together the relevant statutes, held that the term of the appointed judge expired at the first general election after his appointment and that the election for the unexpired portion of the term was proper.

Turning to the statutes relevant to this case we find Section 11055, R. S. 1939, provides that ''at the general election in 1906, and every four years thereafter, a collector, to be styled the collector of revenue, shall be elected in all the counties of this state, who shall hold their office for four years and until their successors are duly elected and qualified.''

There is a general statute on the filling of vacancies, Section 11509, R. S. 1939, which provides: ''Whenever any vacancy, caused in any manner or by any means whatsoever, shall occur or exist in any state or county office originally filled by election by the people, other than the office of lieutenant-governor, state senator, representative, sheriff or coroner, such vacancy shall be filled by appointment by the governor; and the person so appointed shall, after having duly qualified and entered upon the discharge of his duties under such appointment, continue in such office until the first Monday in January next following the first ensuing general election—at which said general election a person shall be elected to fill the unexpired portion of such term, or for the ensuing regular term, as the case may be, and shall enter upon the discharge of the duties of such office the first Monday in January next following said election: *Provided, however,* that when the term to be filled begins or shall begin on any day other than the first Monday in January, the appointee of the governor shall be entitled to hold such office until such other date.''

We must read in conjunction with the statute on collectors the general statute on filling vacancies. This was the ruling in State ex inf. Barker v. Koeln, 270 Mo. 174, 192 S. W. 748 in which we held it was proper to elect in an off year for the unexpired term of the office of collector a successor to one who was appointed to fill a vacancy. It was also held in State ex inf. Major v. Amick, 247 Mo. 271, 152 S. W. 591, supra, that the general statute on filling vacancies is to be considered together with the statutes relating to the offices to which it applies. See also State ex inf. Hadley v. Herring, 208 Mo. 708, 106 S. W. 984. Clearly in this case the office became vacant upon the incumbent's death and Section 11509 furnished the authority to fill the vacancy and the conditions on which it was to be filled.

Applying the provisions of Section 11509 to this case we find: a vacancy occurred upon the death of Greer; the vacancy was filled by the appointment of Hazel Palmer; her term under the appointment expires at the day designated for the beginning of the term, that is March 1, after the first ensuing general election, namely the general election to be held in November, 1944; and her successor should be elected to serve the remainder of the term at the general election in November, 1944.

Relator relies on the case of Townsley v. Hartsfield, 113 Ark. 253, 168 S. W. 140. There the court said: "The general rule is that, if the deceased was himself the incumbent of the office and was elected to succeed himself, a vacancy is created in the first term by his death; but, by the weight of authority, at the commencement of the second term, no new vacancy arises, and the appointee for the balance of the first term holds over until the election and qualification of his successor." But it is significant that the court upheld the title to the office of the successor chosen to serve out the unexpired portion of the regular term under the statute relating to the filling of vacancies. The ruling in that case merely determines that it is unnecessary for the appointing power to make a new appointment at the beginning of the new term. It does not mean that the appointee in the previous term is entitled to serve the full succeeding term but serves only until the vacancy is filled according to law.

Other cases relied on do not sustain respondent's contentions. State ex rel. Crow v. Smith, 152 Mo. 512, 54 S. W. 221 is decided on the same ground as the Dabbs case which was overruled, as we pointed out, by the Amick case and for that reason should not be followed. State ex rel. The Attorney General v. Ranson, 73 Mo. 78, State ex rel. Circuit Attorney v. McCann, 81 Mo. 479 and State ex rel. McHenry v. Jenkins, 43 Mo. 261 all have to do with special enactments harmonizing the terms of the same offices throughout the state and are not applicable here. State ex rel. Tredway v. Lusk, 18 Mo. 333 was overruled by State ex rel. Attorney General v. Thomas, 102 Mo. 85, 14 S. W. 108. State ex inf. Hulen v. Brown and Barnett, 220 Mo. App. 468, 274 S. W. 965 is distinguishable on the facts.

The legislative policy for filling vacancies has been described by the learned Judge White in State ex inf. Barrett v. McClure, 299 Mo. 688, 253 S. W. 743. That case construed Section 11509 and held it plainly provided an election may be had for an unexpired term and the governor would have no authority to make an appointment which would conflict with such provision. Judge White then stated: "Originally special elections were provided for to fill vacancies, so as to cut short the tenure of appointees. Apparently the expense and trouble of having special elections to fill vacancies caused the legislature in 1879 to provide for vacancies to be filled by appointment until the next succeeding general election. This shows that the legis-

lative policy of the state has been to fill a vacancy for an elective office by [ ] election as soon as practicable after the vacancy occurs.''

In as much as the unexpired term of the office of collector for Pettis County must be filled at the coming general election relator is entitled to the relief he seeks. Our peremptory writ should issue ordering the acceptance and filing of his declaration of candidacy for that office and placing his name on the ballot.

It is so ordered. All concur.