THE PEOPLE ex rel. EDWARD M. GORING, Respondent, *v.* THE
PRESIDENT AND BOARD OF TRUSTEES OF THE VILLAGE OF
WAPPINGERS FALLS, Appellant.

The provision of the Election Law (§ 104, chap. 680, Laws of 1892),
declaring that "the name of any person for whom the voter desires to
vote for any office named on the official ballot may be written on the
official ballot which the voter proposes to vote," or a paster containing
one or more such names or offices may be pasted thereon, does not limit
the right of the voter to the offices named in such ballot, but if the
official charged with the duty of preparing the ballot omits to print
thereon the name of an office which, under the law, is to be filled at
the election for which the ballot is prepared, the voter may write or
paste thereon the name of such office, and of the person for whom he
desires to vote as the incumbent thereof.

The board of trustees of the village of Wappingers Falls, acting under
the authority conferred by the general act for the incorporation of vil-
lages (§ 17, chap. 291, Laws of 1870), passed a resolution that a police
justice should be elected at the next village election, which was to be
held the third Tuesday of March, 1890, and every four years thereafter.
At such election a police justice was elected for the full term specified;
he qualified and held the office for a short time; he then resigned, and
the vacancy remained unfilled for the balance of the term. The official
ballot for the annual election held the third Tuesday of March, 1894, did
not contain the name of that office; the relator, however, received forty-
four votes therefor, that being the whole number of votes cast for the
office. *Held*, that a writ of peremptory mandamus was properly
granted, requiring the board of trustees to recognize the relator as a
police justice; but that said board could not be compelled to fix the
salary of the office, as that was a matter within their discretion.

(Argued January 28, 1895; decided February 5, 1895.)

APPEAL from order of the General Term of the Supreme
Court in the second judicial department, made December 10,
1894, which modified and affirmed as modified an order of
Special Term directing a peremptory writ of mandamus to
issue commanding defendant, among other things, to recog-
nize the relator as police justice of the village of Wappingers
Falls.

The facts, so far as material, are stated in the opinion.

1895.]     People ex rel. Goring *v.* President, etc.     617

N. Y. Rep.]                Statement of case.

*Joseph F. Barnard* for appellant.   The election was not good before the Ballot Law was passed.   (*People ex rel.* v. *Crissey*, 91 N. Y. 616.)   The relator was not elected under the General Ballot Law.   (Laws of 1892, chap. 680; Laws of 1870, chap. 291, § 17.)

*Bernard J. Tinney* for respondent.   There is no restriction upon the right to vote, nor is the legislature authorized to impose any.   (Const. N. Y. art. 2, §§ 1, 4; Laws of 1892, chap. 680, § 104.)   It was the duty of the president and board of trustees of the village to furnish official ballots containing the names of all the offices to be filled at the election.   (Laws of 1892, chap. 680, §§ 80, 82.)   It will be claimed by the distinguished counsel for the appellants that the voter must vote one ticket only as nominated, or make up a new one from the other candidates on the official tickets; otherwise the whole scheme of official ballots is nugatory.   This proposition cannot be maintained.   (Laws of 1892, chap. 680, § 82; *People ex rel.* v. *Schiellein*, 95 N. Y. 124, 125, 127; *People ex rel.* v. *Cowles*, 13 id. 350–359; *People ex rel.* v. *O'Brien*, 38 id. 193–195; *People ex rel.* v. *Cook*, 8 id. 67; 14 Barb. 261, 269, 298; Cooley on Const. Lim. 603.)   The failure of the village authorities to cause to be printed on the official ballot the names of all the offices to be filled thereat will not deprive the citizen of the right to vote for any office to be filled at such election.   (Laws of 1892, chap. 680, § 104.)   The construction of the Election Law of 1892, as claimed by the appellants, that the voter must vote one ticket only as nominated, or make up a new one from the other candidates on the official tickets, would make the law unconstitutional.   (*People ex rel.* v. *Shaw*, 133 N. Y. 497.)   The claim made that the voter must vote one ticket only as nominated is in reality but a transcript of the Australian system and a counterpart of the language of the original Ballot Reform Act as introduced in our state legislature in 1888, which, at that time, when discovered, was conceded by everybody to be unconsti-

618    People ex rel. Goring *v.* President, etc.    [Feb.,

Opinion of the Court, per Gray, J.    [Vol. 144.

tutional. (Laws of 1892, chap. 680, § 104.) The omissions of officers conducting elections, through neglect, mistake or inadvertence, to comply with all the directions of the statutes, will not be allowed to deprive the voter of his right to vote at all elections. The proper rule upon this subject is not to permit such omissions, whether they are the result of ignorance, mistake or fraud, to invalidate the election. The right to vote is conferred by the Constitution, and no power whatever is given to abridge that right or exclude any person upon whom it is conferred from its enjoyment. (*People* v. *Cook*, 14 Barb. 261; 8 N. Y. 67.)

Gray, J. In January, 1890, the board of trustees of the village of Wappingers Falls, acting under the authority conferred by section 17 of chapter 291 of the Laws of 1870, being the general act for the incorporation of villages, passed a resolution that a police justice should be elected at the next village election to occur on the third Tuesday of March, 1890, and every four years thereafter. A police justice was, accordingly, elected in March, 1890, for the full term of four years. After holding his office for only a short time he resigned and the vacancy remained unfilled for the balance of the term for which he had been elected. At the annual election held on the third Tuesday of March, 1894, the respondent, Goring, received forty-four votes for the office of police justice; being the whole number of votes cast for that office. The trustees of the village have, however, refused to recognize the election of the respondent, or to make proper provision for the administration of the office and because of their action, or inaction, he made application for a peremptory writ of mandamus; which should command and require them to provide necessary room, blanks, books, etc., and to determine the annual salary. The trustees opposed the granting of the writ, upon the ground that no notice of the election of a police justice was given in the spring of 1894 and that the official ballots of neither party contained the name of the office, or of any candidate to be voted therefor.

The court at Special Term granted the application and upon appeal the General Term affirmed the order of the Special Term ; except that it struck out so much of the order as directed the trustees of the village to fix the salary of the office ; holding that that matter was one within their discretion.

The only question upon this appeal is as to the correctness of the order below in granting the peremptory writ, which, in effect, commanded the appellants to recognize the relator as a police justice.

The position of the appellants is that, because the village trustees, in giving notice for the election of village officers, did not specify the office of police justice and because the official ballots printed by the village clerk did not contain the name of the office of police justice, no votes could be received or counted for that office.    This position is rested upon certain language in the Election Law of 1892 (Chapter 680). Section 104 provides that, " the name of any person for whom the voter desires to vote for any office named on the official ballot may be written on the official ballot which the voter proposes to vote ; or a paster containing one or more such names or offices may be pasted thereon." The effect of that provision, it is said, is to confine the voter to writing, or pasting, the name of any person, for whom he desires to vote, to an office which is named in the official ballot.    I do not think that the legislature intended any such result to follow. If the clerk, or other officer, charged with the duty, neglect to print upon the official ballot the name of an office, which, under the law, was to be filled at the election for which the official ballots were prepared, the qualified voter will not, thereby, be deprived of his constitutional right to vote for any person he chooses for such an office.    In the previous Ballot Reform Law of 1890 (Chapter 262), section 25 provided that, " the voter may write or paste upon his ballot the name of any person for whom he desires to vote for any office."    With reference to that provision of law we had occasion to say, lately, in *People ex rel. Bradley* v. *Shaw* (133 N. Y. 493), that to hold that a voter could not vote for any

candidate whom he chose, notwithstanding that his candidate failed to receive a nomination by a political party, etc., pursuant to the requirements of a certain provision of that law, would be to disfranchise, or to disqualify the citizen as a voter, or a candidate, and would affect the law with the taint of unconstitutionality in such respects.

In the present case, whether the omission of the name of the office of police justice was due to forgetfulness, or to intention, is quite immaterial. Section 82 of the Election Law made it the duty of the clerk to furnish official ballots containing the names of all the offices to be filled at the election. The non-performance of that duty, with respect to the office of police justice, could not affect the fact that such an office, under the law, was one to be filled at the election to be held pursuant to the official notice. Section 104, notwithstanding an apparent limitation in its language as to the offices which might be voted for, must be construed as authorizing the voter to write, or paste, on the proper official ballot the office, which the law required to be filled at the election, and the name of any person to fill it whom the voter desires. In contemplation of law, the official ballot prepared by the voter is deemed to contain the names of all the offices to be filled at the election and if, by omission, clerical or otherwise, an office is not named upon it, the voter is warranted in writing, or pasting, upon it the name of the office and the person whom he desires to vote for as the incumbent thereof. To construe the law otherwise would be to affect its validity. The Constitution confers upon every citizen, meeting the requirements specified therein, the right to vote at elections for all offices that are elective by the people and there is no power in the legislature to take away the right so conferred. The legislature may prescribe regulations for ascertaining the citizens who shall be entitled to exercise the right of suffrage, for that power is given to it by the Constitution. In prescribing regulations for that purpose, or in respect to voting by ballot, it does so subject to and, presumably, in furtherance of the constitutional right and its enactments are to be construed

in the broadest spirit of securing to all citizens, possessing the necessary qualifications, the right freely to cast their ballots for offices to be filled by election and the right to have those ballots, when cast in compliance with the law, received and fairly counted. Legislation which fails in such respects and prevents the full exercise of the right as secured by the Constitution is invalid.

The order appealed from should be affirmed, with costs.

All concur.

Order affirmed.