THE STATE *ex rel.* E. C. CROW, *Attorney-General,* v. HOSTETTER.

Division One, February 20, 1897.

1.' **Public Office** : COUNTY CLERK: ELIGIBILITY OF WOMEN. A woman is not disqualified because of her sex from taking the office of county clerk in Missouri. Women have been recognized as eligible to other offices in this state. A woman may be a citizen of the state and of the United States.

2. ———: SCHOOL DIRECTOR. A woman is not eligible as school director because the law requires in such an officer the qualifications of a voter, and only males may be voters under the constitution of Missouri.

3. ———: CLERK OF COURT. The office of clerk of a court is ministerial, and its duties may be performed by a woman.

4. **Statutory Construction**: WORD "HIS." The word "his," as used in the organic and statutory law, applies to females as well as males (sec. 6568, R. S. 1889), unless a different intent is exhibited by the context.

5. ———. In determining the meaning of an existing statute, it is proper to consider the prior law and all changes therein.

6. **Office**: VACANCY: ELECTION: OFFICIAL BALLOT. When a vacancy (required by law to be filled at the next general election) occurs in an office, after the ordinary time for nominations has passed, the proper party authority may make a nomination thereto in the mode pointed out by section 4766 (Laws 1893, p. 155). Such a condition of affairs creates a "vacancy" in the nominations, within the meaning of the aforesaid section of the ballot law. It is the duty of the proper officer preparing the official ballot to cause the name of such an office to be printed on the ballot, whether any nomination is made or not.

7. ———: BALLOT: AUSTRALIAN LAW. The Australian ballot act does not deprive electors of the right to put on the ballot names and offices entitled to be placed thereon, even though not printed there officially.

8. **Office**: VACANCY IN: ELECTION: STATUTE: REPEAL. A special provision of law for filling a vacancy in a particular office should be followed even as against the terms of a later law in regard to elections generally, unless the court finds the latter intended to repeal the former.

9. ———: STATE OFFICERS: MALES.  Certain state officers (mentioned in the opinion) are required by the constitution of Missouri to be males.

10. **Constitution**: CONSTRUCTION OF.  A construction of the constitution should not be adopted which renders meaningless any of its provisions.

11. **Statute.**  The intent of the legislature as contained in a statute is the spirit of the law which the courts should enforce.

*Quo Warranto.*

JUDGMENT OF OUSTER ENTERED.

*Edward C. Crow,* attorney-general, with *Graves & Clark* and *Francisco Bros.* for relator.

(1)  The provisions of the law for filling vacancies, section 1964, Revised Statutes 1889, govern, as against the general statute upon the same subject. *State ex rel. v. Rankin,* 49 N. W. Rep. 1121. (2)  Where the time or tenure is fixed, and no provision for holding over is found, then the tenure ceases on the day fixed in the statute creating the tenure, and the right to hold ceases upon that day. *State ex rel. v. O'Leary,* 66 N. W. Rep. 264. (3) Maggie B. Wheeler is duly commissioned and qualified on the face of the record.  Her certificate and commission are *prima facie* evidence of her title to the office, and neither her eligibility or the regularity of the election can be questioned in this proceeding.  If she is ineligible, or has not been legally elected, that is a question to be determined in a direct proceeding against her, if she enters and takes possession of the office.  *Com. ex rel. v. Kempsmith,* 13 Pa. Co. Ct. 667; *Stevens v. Carter* (Or.), 40 Pac. 1074; *State v. Johnson,* 16 S. Rep. (Fla.) 786; *State v. Callahan,* 61 N. W. Rep. (N. D.) 1025; *Cameron v. Parker,* 38 Pac. Rep. (Okl.) 14; *Huffman v. Mills,* 18 Pac. Rep. (Kan.) 516; *St. Louis County v.*

*Sparks*, 10 Mo. 117; *Reg. v. Morton*, 45 E. C. L. R. 146. The record shows that Hostetter sent out the ballots, as the official ballots, and he is now estopped from denying or questioning their validity. *Bowers v. Smith*, 111 Mo. 45. (4) There is no inhibition in the constitution against a woman. While as to some officer the constitution says, the person to be eligible must "be a male citizen of the United States" (Const. of Mo., art. 5, sec. 19), yet there is nothing concerning clerk of county court, except the general inhibition, which does not bar a woman. Const. of Mo., art. 8, sec. 12; Const. of Mo., art. 6, sec. 39; Const. of Mo., art. 14. (5) There is no statutory inhibition. The constitution, article 6, section 39, recognizes the office and makes it elective, but leaves the further particulars thereof to the legislature. The statute does not in words expressed, or by implication, bar a woman from holding this office. R. S. 1889, sec. 1965. (6) Nor was or is she barred from an office of this kind, by the common law. Comyn's Digest, Laws of England, tit. Officer, B. 2, and cases cited; Chitty, Prerog. Crown, 84; Opinion of the Justices, 115 Mass. 602; Bac. Abr., tit. Offices and Officers, I; 2 Ld. Raym. 1014; *Rex v. Stubbs*, 2 T. R. 395; Throop's Public Officers, sec. 68, *et seq.* (7) And in this country the common law rule thus announced has been thoroughly approved, and even in many instances considerably extended, in consideration of the progressiveness of our age; only limited where there were express words of limitation in the organic law. *Wright v. Noell*, 16 Kan. 601; *In re Leach*, 21 L. R. A. (Ind.) 701; *Russell v. Guptill*, 13 Wash. 360; *Warwick v. The State*, 25 Ohio St. 21–24, 25; *Jeffries v. Harrington*, 17 Pac. Rep. (Colo.) 505; *Opinion of the Justices*, 115 Mass. 602; *In re Hall*, 50 Conn. 131; *Margaret Richardson's* case, 3 Pa. Dist. R. 299; *Wilson v.*

*Newton*, 87 Mich. 493–496; *Van Dorn v. Mengedoht*, 59 N. W. Rep. 800–803; *Foltz v. Hoge*, 54 Cal. 28; *Findlay v. Thorn et al.*, 1 How. Pr. (N. S.) 76; Nathaniel C. Moak in Alb. Law Jour., vol. 41, p. 244. (8) At common law infants and women were placed upon the same footing in many respects, as to eligibility to office. Our courts, both federal and state, have recognized both infants and women, where there are no express inhibitions in the constitution or laws. *U. S. v. Bixby*, 10 Biss. 520; *Moore v. Graves*, 3 N. H. 408–412; *Golding's Petition*, 57 N. H. 146–149. (9) "The office of county clerk is wholly ministerial," and hence falls in that class of cases which women, and even infants, could hold at the common law. *Wilson v. Newton*, 87 Mich. 493–496. (10) A woman is a citizen of the United States and of the state the same as a man. Webster's Law of Naturalization, p. 75; XIV Amd. to Const. of U. S.; Pomeroy, Municipal Law, pt. 2, chap. 2, p. 425; 1 Abbott Law Dict. [Ed. of 1879], 224; *U. S. v. Kellar*, 11 Biss. 314–316; *Ware v. Wisner*, 50 Fed. Rep. 310; *Comitis v. Parkerson*, 56 Fed. Rep. 556; *Hatch v. Ferguson*, 57 Fed. Rep. 959; *Belcher v. Farren*, 89 Cal. 73–77, 78; *U. S. v. Susan B. Anthony*, 11 Blatch. 200; *Minor v. Happersett*, 21 Wall. 162; *Spencer v. Board, etc.*, 1 McArthur, 169; *Wright v. Noell*, 16 Kan. 601; *State ex rel. v. Co. Court*, 90 Mo. 593. (11) The pronouns "he" and "his" include women as well as men, so that there is no statutory inhibition by the use thereof. R. S. Mo., sec. 6568; *State v. Jones*, 102 Mo. 305–307; *In re Thomas*, 16 Colo. 441; *Margaret Richardson's* case, 3 Pa. Dist. R. 299; 41 Albany Law Journal, p. 244. (12) The word "citizen" as used in the constitution and statute, must be taken in its ordinary sense and meaning. *Martin v. Hunter's Lessee*, 1 Wheat. 304–326; *Clark v. City of Utica*, 18 Barb. 453; R. S. Mo. 1889, sec. 6570; *Henry & Coatsworth Co. v.*

*Evans*, 97 Mo. 47; R. S. Mo. 1889, sec. 6568; *Warren v. Barber Paving Co.*, 115 Mo. 572.

*Johnson & Lucas* for respondent.

(1) No election can be held in this state except under the Australian ballot. Article 3, chapter 60, Revised Statutes, 1889, and amendments thereto. (2) An election not provided for by "law is void; no case has been known where a volunteer election has been held valid, even though the term of the incumbent has expired." *State ex rel. McHenry v. Jenkins*, 43 Mo. 261; *Kimberlin v. State*, 30 Am. S. R. 208. (3) No election can be held to fill a vacancy occurring within fifteen days of the day of election. R. S. 1889, sec. 4766; 39 N. Y. Sup. 388. (4) It is contended, however, that under section 1964, Revised Statutes, 1889, that provision is made for the filling of a vacancy until the next general election, and that a successor shall then be elected, and that the term of the appointee is limited to the next general election. There might be some force in this contention were it not for the fact that our constitution provides that: "In the absence of any contrary provision, all officers now or hereafter elected or appointed, subject to the right of resignation, shall hold during their official terms, and until their successors shall be duly elected or appointed and qualified." sec. 5, art. 14, const. 1875; Throop, Public Officers, sec. 329; *Burton v. Buck*, 8 Kan. 302. Hence it is immaterial whether section 1964 or 4705, Revised Statutes, 1889, be held to apply, the defendant would hold until his successor is duly elected or appointed and qualified. The name of Maggie Wheeler was legally placed on the official ballots. The voters have the right to write in such name, whether nominated or not. It is their constitutional and legal right and such ballots are legal and

valid. *Bowers v. Smith*, 111 Mo. 45; *State ex rel. v. McMillan*, 108 Mo. 165; *Montgomery v. O'Dell*, 67 Hun, 169; *People ex rel. v. Shaw*, 31 N. E. Rep. (N. Y.) 512; *Chateau v. Jacob*, 88 Mich. 170; *Sanner v. Patton*, 155 Ill. 553. But all of the votes cast, counted, and returned for her, are made, by the returns, *prima facie* valid. *Merritt v. Hinton*, 55 Ark. 12; s. c., 17 S. W. Rep. 270; *Gumm v. Hubbard*, 97 Mo. 311–320. And no contest having been made, the same are sealed from the view of this court, and such, *prima facie*, can not be rebutted. *State ex rel. Ewing v. Francis*, 88 Mo. 557. (5) Maggie B. Wheeler is not eligible to the office of county clerk. See Const. Mo., art. 8, sec. 12. The word "citizen" when used in its more common and comprehensive sense doubtless includes "women," but a woman is not by virtue of her citizenship, vested by the constitution of the United States or by the constitution of the commonwealth, with any absolute right, independent of legislation, to take part in the government, either as a voter or as an officer. *Robinson's* case, 131 Mass. 376; s. c., 41 American Reports, 240. (6) And when considered in connection with our constitution requiring personal attention to the performance of the duties to the same belonging, it will be seen that no rule of the common law could be invoked in claimant's behalf. Sec. 18, art. 2, Mo. Const.; *Robinson's* case, *supra;* 19 Am. and Eng. Ency. of Law, page 403. (7) The word "citizens" (when used in reference to elections) means only male inhabitants. *Nevada M. Bloomer v. Todd*, 1 Lawyers' Rep. Ann. 111. (8) "Citizen," as ordinarily used, means one entitled to vote. *State v. Pagels*, 92 Mo. 309. (9) In the absence of some constitutional or statutory provisions on the subject, a woman is ineligible to hold a public office. *Peters v. Davidson*, 20 L. R. A. 311.

VOL. 137 mo—41

(10) Election of a disqualified person gives him no right to hold the office or claim a certificate of election and *mandamus* to issue must be refused. Throop, Public Officers, sec. 82; *State ex rel. Snyder v. Newman*, 91 Mo. 445; *State ex rel. v. Coffee*, 59 Mo. 67; *State ex rel. Thomas v. Williams*, 99 Mo. 291; *State ex rel. v. Boal*, 46 Mo. 528; *State ex rel. v. Meek*, 129 Mo. 438; *People v. Sheffield*, 47 Hun (N. Y.), 481; *Pucket v. Bean*, 11 Heisk. (Tenn.) 600. (11) Mrs. Wheeler's name could not be put on the official ballot and was not placed thereon by the defendant, or anyone acting for him, but was placed thereon by the printer, acting under the direction of the chairman of the political organization to which Mrs. Wheeler belonged, prior to the time defendant was permitted to qualify. Sec. 4772, R. S. 1889; sec. 4773, R. S. 1889; Acts 1891, sec. 4, page 133; *Atkeson v. Lay*, 115 Mo. 550; *In re Cuddeback*, 39 N. Y. Sup. 388. That the ballot used was a nullity and could not be counted. Sec. 4772, R. S. 1889.

BARCLAY, P. J.—This is an original action in this court to ascertain by what warrant defendant holds the office of clerk of the county court of St. Clair county. The proceeding was instituted by an information of the Attorney-general in his official capacity. The information contains a full recital of the facts. They have been admitted by the demurrer which defendant has filed. Counsel in this court, with commendable fairness, have waived formalities that might have caused delay, and have submitted the cause for prompt decision upon briefs that have been of great help toward the speedy determination of the controversy.

In the view taken by this division of the court, the following are the decisive facts:

Mr. Wheeler was elected clerk of the county court

at the general election of 1894 for a term ending in January, 1899.  He died October 24, 1896.  Two days later the defendant, Mr. Hostetter, was commissioned by the Governor to fill the vacancy.  He qualified and entered on the duties of the office, before the general election of November 3, 1896.  He now holds the office by virtue of that appointment.

At the general election mentioned, Mrs. Maggie B. Wheeler and Mr. Hostetter, received votes in St. Clair county for the office in question.  On the twenty-sixth day of October, 1896, Mrs. Wheeler had been declared nominated for said office by the republican party in said county.  Her said nomination had been certified and acknowledged, and the certificate had been duly filed in the office of the clerk of the county court.  Her name accordingly appeared (in advance of the election) upon the printed official ballot, as prepared for use at the election.  The official ballot contained no other printed name as nominee for said office.  The county tickets of the other political parties all showed blanks under the name of the office of clerk of the county court.

At the close of the election, it was found that Mrs. Wheeler had 1938 votes for the office, while Mr. Hostetter had received 92.  He so certified as county clerk.  In due time Mrs. Wheeler received her commission from the Governor, and thereupon duly qualified, having complied with all the required forms of law, notwithstanding which, the defendant still holds possession of the office.  The object of this proceeding is to test his right to do so, from and after January 4, 1897, the date on which Mrs. Wheeler took the last formal step toward qualifying to enter upon the duties of the office.

There are two general grounds on which defendant seeks to justify the position he has assumed.

1. Defendant first contends that there was, in legal effect; no vacancy to be filled at the election of 1896. The substance of the argument on that point is that the existing ballot law makes no provision for a nomination to fill such a vacancy, occurring within fifteen days of the general election; and hence that no election to fill the vacancy could properly be held in the circumstances of this case.

But we consider section 1964 a complete answer to that contention, when read in connection with section 4766 as amended in 1893 (Laws, 1893, p. 155):

"Sec. 1964. *Vacancy, how filled.* When any vacancy shall occur in the office of any clerk of a court of record by death, resignation, removal, refusal to act or otherwise, it shall be the duty of the governor to fill such vacancy by appointing some eligible person to said office, who shall discharge the duties thereof until the next general election, at which time a clerk shall be chosen for the remainder of the term, who shall hold his office until his successor is duly elected and qualified, unless sooner removed."

A special provision governing the filling of a vacancy in a particular office should be obeyed, even as against a later law on the same general topic, unless the court finds ground to conclude that the later general law was intended to repeal or limit the more particular provision of the prior law.

But the terms of section 4766, as amended in 1893, show no intent to repeal any part of section 1964, touching the conduct of an election to fill such a vacancy.

The word "vacancy" as it is found in the last proviso of section 4766, no doubt means, as the learned counsel for defendant contend, a vacancy in some nomination. But where, by reason of death, as in this case, a vacancy in an office occurs shortly before a

general election at which some one to fill the office for the unexpired term should be chosen, and no one has been nominated to said office, there is a vacancy in the nominations within the meaning of the election law. The omission to make a nomination for an office to be filled at the ensuing election constitutes a vacancy on the ticket, and it is the plain duty of the officers who prepare the official ballots to cause the name of any such office to be printed on the ballot whether any nomination thereto has or has not been formally certified. Under section 4766 of the election law, such a "vacancy" certainly may be supplied at any time prior to the election, by a nomination authenticated in the mode pointed out by the ballot law.

But even if we should concede that the vacancy caused by the death of Mr. Wheeler happened too late to permit of placing a formal printed nomination on the ballot, under the present ballot law, the people would nevertheless have the right to express their choice by writing on the ballot the name of any qualified person whom they desired to designate for any office which the law (section 1964) permitted to be then filled by election. The electors are not restricted to the names or offices printed on the official ballot. *People v. Shaw* (1892) 133 N. Y. 493 (31 N. E. Rep. 512); *People v. President* (1895), 144 N. Y. 616 (39 N. E. Rep. 641); *Sanner v. Patton* (1895) 155 Ill. 553 (40 N. E. Rep. 290); *Cole v. Tucker* (1895) 164 Mass. 486 (41 N. E. Rep. 681).

We hence conclude that the election of a county clerk was properly held at the general election in St. Clair county in November last.

2. The question then remains whether Mrs. Wheeler is ineligible.

Some objections of a technical nature are raised by the plaintiff against any consideration of that question

on this occasion. But we pass them by, because we find it unnecessary to decide them, since we have reached the conclusion that Mrs. Wheeler is eligible.

The qualifications required of incumbents of certain offices in Missouri are prescribed by the constitution. For instance, the Governor, Lieutenant-governor, Secretary of state, Auditor, Treasurer, Attorney-general and Superintendent of public schools must be "male" citizens, as must also be the members of the General Assembly. Const. 1875, art. 4, secs. 4 and 6; art. 5, secs. 5, 15 and 19. Every circuit judge must be a "qualified voter," which requirement is in effect the same as the word "male" imposes (as used in reference to the state officers above named). Const. art. 6, sec. 26; art. 8, sec. 2.

The following general command of the organic law applies to all offices (including, of course, that in view in this case): "No person shall be elected or appointed to any office in this State, civil or military, who is not a citizen of the United States, and who shall not have resided in this State one year next preceding his election or appointment." (Art. 8, sec. 12.)

There is no provision of the constitution, or of the statute law of Missouri, expressly requiring the clerk of the county court to be a male. But it is argued that the intent to so declare appears from the use of the word "*his*" in the section of the constitution just quoted, referring to all offices.

If this view is sound, then the special caution observed in the constitution by the sections requiring the state officers above mentioned to be males was wholly useless, as the general section last cited would imply that requirement. A construction of the constitution which renders meaningless any of its provisions should not be adopted.

It is part of the general law of the State (and was

before the time of the present constitution) that where persons are referred to by words importing the masculine gender, females as well as males shall be deemed included thereby, unless a contrary intent appears by the context or otherwise.   R. S. 1855, p. 1024, sec. 10; R. S. 1889, sec. 6568-9.   The mere use of the word "his" in the constitution, in referring to the qualification of officers, we do not regard as evidencing a purpose to limit all office-holding to the male sex, or as depriving the people of St. Clair county of the right to select a woman as clerk of their county court.

The section of the constitution last above quoted was a new enactment in the organic law of 1875.   In view of the care with which the electoral franchise was limited to males by the terms of the second section of the same article of the constitution, the omission of similar language, in negatively defining certain qualifications of office-holding, has a significance which tends toward the conclusion we have reached in this case.

The constitution, we think, remits to the legislature the subject of proper qualifications to be possessed by the holders of such an office as is here in question. Art. 6, sec. 39.

Turning to the statute law we find this provision in regard to the qualifications of clerks of the county court, viz:

"Sec. 1965.   *Qualifications of a clerk.*—No person shall be appointed or elected clerk of any court, unless he be a citizen of the United States, above the age of twenty-one years, and shall have resided within the state one whole year, and within the county for which he is elected three months before the election; and every clerk shall, after his election, reside in the county for which he is clerk."

The above section and several other neighboring sections concerning clerks exhibit the words "he" and

"his" in treating of these offices. But we do not regard that fact as of moment when we recall the general rule for construction of laws, above alluded to (section 6568).

Women in Missouri have been licensed as attorneys at law by the supreme court. They have for years been recognized as eligible to office as notaries public. A woman now holds the responsible office of state librarian by appointment of the supreme court. Yet all of the laws under which such action has been taken display similar language to that in the law regarding clerks of courts from which the learned counsel for defendant seek to draw the inference that only males are eligible as such clerks. R. S. 1889, secs. 605, 607, 608, 7109, 7110, 8198, 8199, 8202.

The particular qualifications pointed out by section 1965 (except those of citizenship and age) are far less vital and important than that of sex. If the lawmakers had regarded sex as determining eligibility, it seems to us that they would have expressed themselves plainly to that effect, as they did in former years. They have so expressed themselves in other statutes; as, for instance in the school law, which requires directors in certain cities to have the qualifications of voters. R. S. 1889, sec. 8086. We have held that as only males can be voters, under the constitution of 1875, a woman is not eligible to be a school director under the section cited. *State ex rel. Ing v. McSpaden* (1897), 137 Mo. 628 (39 S. W. Rep. 181). The fact that in the law governing clerks of courts no similar requirement appears is a clear pointer to the conclusion that no such qualification was intended to be demanded.

Moreover, the change which the legislature has made in the language of the law on this very subject has much meaning in solving the question before this division.

In 1855 the present section 1965 had the form shown in the copy below. It so remained until 1879 when it was amended by dropping the words we have noted by italics, viz:

"No person shall be appointed or elected clerk of any court, unless he be a *free white male* citizen of the United States, above the age of twenty-one years, and shall have resided within the State one whole year, and within the county for which he is elected, three months, before the election; and every clerk shall, after his election, reside in the county for which he is clerk." (R. S. 1855, p. 336, sec. 10.)

The dropping of the word "male," in describing the qualifications for such offices, has value as a guide to the legislative purpose in enacting the present law on this subject. Can there be any doubt as to the intended effect of such a change of the statute on the particular question before us?

It is always allowable in interpreting statutes to consider the prior law as compared with the present, in endeavoring to reach the true intent of the legislature which, when found, is the spirit of the law that the courts should enforce. That women may be citizens of the United States and of Missouri is a proposition that requires no discussion at this day. *Minor v. Happersett* (1874), 21 Wall. 162; *State ex rel. v. County Court* (1887), 90 Mo. 593 (2 S. W. Rep. 788).

Mrs. Wheeler is a citizen of the United States and of this State. She is over the age of 21 years. She has resided in Missouri one year next preceding her election, and she possesses all the other qualifications named in section 1965. It is conceded that she is in all respects qualified, barring the supposed objection on account of her sex.

The office of clerk of a court is a ministerial office. It admits of the use of a deputy, and its duties are cer-

tainly not of such a nature as to be incompatible of discharge by a woman.

In view of the condition of the positive law of Missouri above described, we do not consider it necessary to enter into a discussion of the eligibility of women to office at the common law or in other states of the Union.

We regard the question at bar as one depending on the force and intent of the law of this State, organic and statutory. We hold that, under that law, there is no express or implied barrier to the election of a woman to such an office as that in question in this case, and that her fellow citizens may call her to discharge its duties if they see fit.

Mrs. Wheeler is qualified to hold the office, and Mr. Hostetter is not entitled to retain it on the facts disclosed. Hence the demurrer will be overruled, and judgment of ouster will be entered against defendant unless he plead further within ten days. MACFARLANE, ROBINSON, and BRACE, JJ., concur.*