(18 App. Div. 318.)

PEOPLE ex rel. HOFFMAN v. PRESIDENT, ETC., OF VILLAGE OF NYACK.

(Supreme Court, Appellate Division, Second Department. June 15, 1897.)

VILLAGE—COURT ROOM OF POLICE JUSTICE.
     A village is not compelled to furnish a police justice with an office or court room.

Appeal from trial term.
Application by the people of the state of New York, on the relation of Mark Hoffman, for a peremptory writ of mandamus against the president and board of trustees of the village of Nyack. From an order directing the writ, defendants appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

George A. Wyre, for appellant.
Richard S. Harvey, for respondent.

GOODRICH, P. J. The relator is a police justice of the village of Nyack, Rockland county. From the time of his election, in March, 1894, down to September 6, 1896, the village authorities furnished a court room to the relator, but have refused to do so any longer. He claims that a suitable room should be furnished him by the village trustees, and on his petition a writ of peremptory mandamus was

issued, requiring the village trustees to furnish the same. We have not been referred to and cannot find any authority by which a village is compelled to furnish a police justice with an office. In the case of People v. Village of Wappingers Falls, 83 Hun, 130, 31 N. Y. Supp. 758, affirmed 144 N. Y. 616, 39 N. E. 641, and upon which respondent's counsel relies, this question was not raised, the question involved being the title of relator to the office of police justice. The act for the incorporation of villages (3 Rev. St. [9th Ed.] p. 2262) confers upon the trustees of a village containing a population of 2,000 and upwards the power to appoint a police justice, but it contains no authority to provide a court room. It does contain a provision authorizing the board of trustees to provide a suitable room for holding their own meetings. It does not appear by the record that the duties of the relator are of such a character as to require a room for permanent occupancy, and it may well be that, if occasion should arise for the use of such a room under circumstances which require an extended and important trial with many witnesses, for a considerable period of time, the relator might be justified in procuring a suitable room for that special occasion, and that the village trustees might be justified in providing for the expense thereof. But the appeal papers show no such emergency as justifies a peremptory writ of mandamus to compel them to provide a permanent court room for the relator. We do not, however, express an opinion upon this subject. In the case of Tompkins v. Mayor, etc., 14 App. Div. 536, 43 N. Y. Supp. 878, this court approved the employment by the district attorney of a special alienist to testify as to the mental condition of one Harris, where an application had been made to the governor for executive clemency, and the latter had appointed a commission to inquire into the same, although there was no special authority in the statutes providing for such employment, and decided that the expense thereof was a proper charge upon the county.

The order appealed from is reversed. All concur.