GILLILAND v. WHITTLE *et al., County Election Board.*

No. 4403.   Opinion Filed October 22, 1912.

(127 Pac. 698.)

**CLERKS OF COURTS**—Qualifications—**Sex.**   A woman, otherwise quali-·
fied, is eligible to hold the office of clerk of the district court.

(Syllabus by the Court.)

*Error from District Court, Jackson County;*
*Frank Mathews, Judge.*

Action by Henry C. Gilliland against J. E. Whittle and others, the county election board of Jackson county. Judgment for defendants, and plaintiff brings error. Affirmed.

*W. T. McConnell,* for plaintiff in error.

*M. L. Hankins* and *Guy P. Horton,* for defendants in error.

KANE, J.  The case upon its merits turns upon the question: Is a woman, otherwise qualified, eligible to hold the office of clerk of the district court? Some objections of a technical nature are interposed by the defendants in error against any consideration of the merits, but, as we have reached the conclusion that the question must be answered in the affirmative, we do not deem it necessary to pass upon them. The appellant contends that inasmuch as section 27, article 6, of the Constitution, provides that the Commissioner of Charities and Corrections "may be of either sex," and section 6 of the Schedule to the Constitution provides that "female persons possessing the other qualifications prescribed by law shall be eligible to the office of notary public and of county superintendent of public instruction," the maxim, *"expressio unius est exclusio alterius"* applies, thereby excluding women from holding any office except those specifically named. We do not believe it was the intention of the framers of the Constitution or the people when they adopted it that this maxim should have the effect contended for. The Constitution

discriminates between the sexes in prescribing the qualifications for such state officers as Governor, Lieutenant Governor, Secretary of State, etc., which offices must be filled by "male citizens." The members of the Corporation Commission and some other officers must be electors, which requirement is in effect the same as the words "male citizens," used in reference to the officers above named. The qualifications for supreme and district judges are elsewhere set out. In still another class, to which the office of clerk of the district court belongs, no specific qualifications are mentioned. If the contention of appellant is sound, then the special caution observed in the Constitution by the sections requiring the state officers above mentioned to be males would be wholly useless, as an application of the maxim would imply that requirement. A construction of the Constitution which renders meaningless any of its provisions should not be adopted. It is our opinion that the Constitution remits to the Legislature the subject of the proper qualifications to be possessed by the holders of such an office as is here in question. During the years prior to statehood, and the practice has been continued since, apparently by common consent women have creditably occupied many ministerial positions in county and state affairs. The office of clerk of the district court is ministerial in character, and the duties thereof are in no way incompatible with the incumbency of a woman who is competent to fill the office. The record shows that the woman who received the nomination in the instant case over her male competitors performed the duties of the office as deputy for a considerable time immediately prior to the primaries, and it was with a knowledge of her past services in that capacity she was chosen by the electors as a candidate for the office of clerk.

Women always have been admitted to the bar by the Supreme Court in this jurisdiction under both the territorial and state forms of government, and a considerable number are now practicing law with marked credit. In that connection it may be significant that the sections of the Constitution which prescribe the qualifications of the Supreme Court and district judges do not make any discrimination against any per-

son holding these offices on account of sex. Section 3, art. 7, of the Constitution, provides:

"No person shall be eligible to the office of Justice of the Supreme Court unless he shall be at the time of his election a citizen of the United States and shall have been a resident of the territory embraced within the state for a period of two years, and of the territory comprising the district from which he is elected for a period of one year; and unless he shall have attained the age of thirty years, and shall have been a lawyer licensed by some court of record, or shall have been a judge of some court of record, or such judge and lawyer together at least five years."

And section 9 provides in relation to the qualifications of district judges that, "such judge shall be a citizen of the United States, and shall have been a resident of the territory embraced within the state for two years, and of the territory comprising his district at least one year, prior to his election; and he shall have been a lawyer licensed by some court of record, or shall have been a judge of some court of record, or both such lawyer and judge for four years next preceding his election, and shall reside in his district during his term of office." There are no qualifications prescribed by either the Constitution or the statutes which in terms make any distinction between the sexes in the matter of holding the office of clerk of the district court.

In Missouri there is no provision of the Constitution or the statute law expressly requiring the clerk of the county court to be a male. The statute provides that "no person shall be appointed or elected clerk of any court unless he be a citizen of the United States, above the age of twenty-one years. * * *" It was held:

"A woman is not disqualified because of her sex from taking the office of county clerk in Missouri. Women have been recognized as eligible to other offices in this state. A woman may be a citizen of the state and of the United States." (*State ex. rel. Crow, Atty. Gen., v. Hostetter,* 137 Mo. 636, 39 S. W. 270, 38 L. R. A. 208, 59 Am. St. Rep. 515.)

The same conclusion was reached by the Supreme Court of Nebraska in the cases of *State v. Cones,* 15 Neb. 444, 19 N. W. 682, and *State ex rel. Jordan v. Quible,* 86 Neb. 417, 125 N. W. 619, 27 L. R. A. (N. S.) 531, 21 Ann. Cas. 401. Other cases

to the same effect are *State ex rel. v. George,* 23 Fla. 585; *In re Opinion of Judges,* 57 South. (Fla.) 351.

It seems to us that to take the position now that women are ineligible or do not possess the necessary qualifications to fill such offices upon the ground urged by appellant would be to turn back the hands of the clock, and to say that common experience and common sense must yield to the arbitrary application of an ancient maxim to a state of facts to which, to say the least, it is of very doubtful application. Moreover, we are of the opinion that it would be a distinct loss to the state to thus deprive it of the services of such an intelligent and efficient portion of its citizenship, and, as there is no constitutional or statutory provision specifically requiring it, we hold that under the law there is no express or implied barrier to the nomination of a woman as a candidate for the office of clerk of the district court, and that her fellow citizens may call her to discharge its duties if they see fit.

The judgment of the court below is accordingly affirmed.

TURNER, C. J., and HAYES, WILLIAMS, and DUNN, JJ., concur.