THE STATE ex inf. JESSE W. BARRETT, Attorney-General, ex rel. JAMES W. SHUMARD v. DAISY McCLURE.

In Banc, July 14, 1923.

1. **COUNTY TREASURER: Vacancy: Tenure of Successor: Governor's Commission.** Where the County Treasurer dies in the midst of his four-year term, his successor appointed by the Governor "for the unexpired term and until her successor is duly elected and qualified" does not hold for the balance of the unexpired term if in the meantime a general election is held at which another is elected, but such appointee holds the office only until April 1st after such general election. The statute (Sec. 4786, R. S. 1919) provides for the appointment by the Governor to fill the vacancy and says that at the ensuing general election "a person shall be elected to fill the unexpired portion of such term;" and where the County Treasurer, elected in 1920 for a term of four years, died in August, 1922, his successor, appointed by the governor "for the unexpired term," is not entitled to hold the office until April, 1925. but the person elected at the general election in 1922 became entitled to the office on April 1st, 1923, and to hold it for the balance of the unexpired term. The Governor has no authority to make an appointment that would conflict with the statute.

2. **VACANCY: Death of Officer After Primary: Nomination by Party Committee.** The statute (Sec. 4786, R. S. 1919) provides for the election of some one to fill an unexpired term in an office occurring before a general election, and by force of that statute a vacancy in an office occurring after a primary election creates a vacancy on the party tickets which did not exist prior to the occurrence of the vacancy in the office, and such vacancy on the tickets the proper party committee is entitled to fill. So that where the County Treasurer, elected in 1920 for a term of four years, died on August 3, 1922, and the primary election was held on

August 1, 1922, the county committee under the provisions of the statute (Sec. 4838, R. S. 1919) had authority to nominate a candidate to be voted on at the ensuing general election to be held in November and to cause the name of such nominee to be placed on the proper ballots as the party candidate for County Treasurer, and such person being elected at such general election became entitled to take charge of the office on the first day of April thereafter and to hold it for the unexpired portion of said four-year term.

*Held*, by GRAVES, J., dissenting, that under the statute there was no vacancy on the county tickets and no election for the office involved could be legally held, and the appointee of the Governor is entitled to hold the office for the unexpired portion of the term.

## *Quo Warranto.*

OUSTER AWARDED.

*A. S. Cumming* for relator.

(1) When a vacancy happens in the office of County Treasurer, the Governor appoints some one to serve until the next general election, at which election a successor is chosen for the rest of the unexpired term or for the next ensuing term, as the case may be. R. S. 1919, sec. 4786. (2) The date on which newly elected treasurer in Harrison County takes office is April 1st, Harrison County being under township organization. R. S. 1919, sec. 9528. (3) Tenures of office are fixed by legislative enactment and cannot be expanded by any provision in the Governor's commission. State ex rel. v. Perkins, 139 Mo. 116. (4) The election referred to in Section 4786 is the election next ensuing after the vacancy occurred, and not the next ensuing election for that office. State ex inf. v. Koeln, 270 Mo. 174; State ex inf. v. Amick, 247 Mo. 271. (5) The election meant in Section 4786 was merely the general election, and did not include the primary and all its incidents, is manifestly held by the majority of this court in their dissent from the first para-

graph of the opinion in State ex rel. Evard v. Roach, 269 Mo. 500.

*Garland Wilson* for respondent.

Where one is appointed to fill a vacancy and qualifies, he is entitled to hold until his successor is legally elected and qualified. State v. Carvey, 154 N. W. (Iowa) 931. There could have been no legal election for the office of County Treasurer of Harrison County at the November election in 1922, for the reason that all of the election machinery had no opportunity to function. State ex rel. Pratt v. Haymard, 119 N. W. 620; Stewart v. Polley, 137 N. W. (S. D.) 565; State ex rel. v. Roach, 269 Mo. 500.

WHITE, J.—The Attorney-General, April 10, 1923, filed in this court an information in the nature of *quo warranto,* alleging that one James W. Shumard, at the general election November 7, 1922, was duly elected treasurer of Harrison County, Missouri, and that respondent, Daisy McClure, usurped and continued to hold possession of said office, and praying for a writ ordering her to show by what authority she claimed the office.

A writ was duly issued by this court, ordering her to show cause, to which she made return June 1, 1923, setting up facts which appear in an agreed statement filed by the parties hereto.

The agreed statement filed in this court is to the effect that on November 2, 1920, Joseph B. McClure was elected to the office of Treasurer of Harrison County, for a term of four years, beginning April 1, 1921; that McClure duly qualified and entered upon the duties of his office and continued in the discharge of such duties until the third day of August, 1922, when he died.

On the tenth day of August, Governor Hyde appointed his widow, Daisy McClure, Treasurer of Harrison County, to succeed Joseph B. McClure, deceased. The commission of Daisy McClure recites that her ap-

pointment for Treasurer of Harrison County is, "for the unexpired term and until her successor is duly elected and qualified."

Daisy McClure took the oath of office on the twelfth day of August; she was duly qualified and entered upon the discharge of her duties, and still holds the office.

The primary election for 1922 was held on the first day of August, and the time for candidates to file for nomination for such primary expired on the first day of June, 1922.

At a meeting of the county central committee of the Republican party in Harrison County, held on the —— day of September, 1922, the relator, James W. Shumard, was nominated as the Republican candidate for the office of County Treasurer, and his name placed upon the official ballot as such candidate, and at the general election, November 7, 1922, Shumard received a majority of the votes cast for Treasurer of said Harrison County. He afterwards gave necessary statutory bond, subscribed to the required oath, and received from the County Court of Harrison County a commission as treasurer of said county for the portion of the unexpired term for which Joseph B. McClure had been elected, after the first day of April, 1923. Shumard possesses all the qualifications required by the statute for the office, and made formal demand upon Daisy McClure for the office, which demand was refused.

I. It is first claimed by the respondent that she is entitled to hold the office during the entire unexpired term for which her commission states she was appointed.

Unexpired Term.

It is argued that under Section 9528, Revised Statutes 1919, Joseph B. McClure was elected for a term of four years ending the first day of April, 1925; that she was appointed for the unexpired term; that under Section 4786, Revised Statutes 1919, she was entitled to hold the office until the next general election for that office instead of the next general election to be held.

The first question to be determined is: Could there be an election to fill an unexpired term where any general election occurred between the occurrence of a vacancy and the end of a term? Section 4786 provides for the appointment to fill a vacancy caused by whatsoever means in a county office to be filled "until the first Monday in January next following the ensuing general election, at which said general election a person shall be elected to fill *the unexpired portion of such term, or for* the ensuing regular term as the case may be."

The section then provides that when the term begins on any other day than the first Monday in January the appointee shall hold such office until such other date.

The statute plainly states that the election may be for an unexpired term. The Governor would have no authority to make an appointment which would conflict with that provision of the statute. This question was settled by Court in Banc in case of State ex inf. v. Koeln, 270 Mo. 174, l. c. 190-191, which involved the office of Collector. A Collector's office ran for four years under Section 12875, Revised Statutes 1919, the provision being in language very similar to Section 9528 relating to the term of County Treasurer. This court there held that at a general election the Collector could be elected for an unexpired term, that there was no conflict between the statute regulating the length of the term and Section 4786, Revised Statutes 1919, providing for an election for the unexpired term. In that case the office of Collector expired the first day of January. The office of County Treasurer expired the first day of April. That would make no difference, however, in the application of the statute. A Treasurer elected in November enters upon his office the first day of April following. The relator here was elected then for the unexpired term beginning the first day of April, 1922.

Originally special elections were provided for to fill vacancies so as to cut short the tenure of appointees. Apparently the expense and trouble of having special elections to fill vacancies caused the Legislature in 1879

to provide for vacancies to be filled by appointment until the next succeeding general election. This shows that the legislative policy of the State has been to fill a vacancy for an elective office by election as soon as practicable after the vacancy occurs.

II.   It is further insisted by the respondent that the political committee had no authority to nominate Shumard.   Two sections of the statute affect the matter of filling vacancies on the ticket.   Section 4815, **Vacancy:** Revised Statutes 1919, providing for a cer-**Nomination by Committee.** tification of nominations made at the primary elections has this proviso: *"Provided,* that in case of any vacancy in said nomination, by resignation, death or otherwise, the central committee, or a convention called for that purpose, of the party on whose ticket such vacancy may occur, may select and certify to the Secretary of State, County Clerk, or Board of Election Commissioners the name or names of candidates to fill such vacancy."

Section 4838, Revised Statutes 1919, relating to primary elections provides: "Vacancies occurring after the holding of any primary or where no person shall offer himself as a candidate before such primary, shall be supplied by the party committee of the district, county or state, as the case may be."

The argument is that "the next general election," as contemplated in the primary law, means an election at which all the machinery of election shall be called into play, including the primary election law.   Since the time for filing by a candidate at the primary expired June first, 1922, and the election took place August first, and since Joseph B. McClure died August third, there was no possibility of a candidate for the office of Treasurer to be nominated at the primary.   A part of the general process by which a candidate is elected to office being inoperative, because the time in which a candidate may avail himself of it having expired, there could be no legal election to fill the unexpired term at the November election, 1922.

The rulings of this court have been contrary to the position of respondent. GRAVES, J., in his opinion in the case of State ex rel. v. Roach, 269 Mo. 500, stated the argument in favor of respondent's position with all the force and clearness of which it is capable. A majority of the court, however, failed to concur on that proposition, and the case was decided upon another point in which the majority concurred.

It is further contended that under the terms of the statutes quoted a political committee could fill only a vacancy on the ticket nominated; that vacancies referred to do not mean vacancies in an office. Of course a political committee can fill only a vacancy occurring on the ticket nominated. But there is no reason for saying that such a vacancy could occur only by the death, resignation or removal of a candidate nominated. Section 4786 provides for the election of someone to fill an unexpired term where the vacancy in the *office* occurs before a general election. By the force of that statute a vacancy in an office, occurring after a primary election, creates on the nominated ticket a vacancy which did not exist prior to the occurrence of the vacancy in the office, a vacancy which Section 4838, Revised Statutes 1919, authorizes the political committee to fill.

In the case of State ex rel. v. Hostetter, 137 Mo. 636, where it was contended that a vacancy meant a vacancy in the nomination and not a vacancy in the office, this court said, l. c. 644-645, that where by reason of death a vacancy occurs in an office shortly before the general election at which someone to fill the office for the unexpired term should be chosen, "and no one has been nominated to said office, there is a vacancy in the nominations within the meaning of the election law," and that such vacancy might be supplied at any time prior to the election by a nomination authenticated in the mode pointed out by the ballot law.

In State ex rel. v. Kortjohn, 246 Mo. l. c. 42, this court, in considering Section 4838, Revised Statutes 1919, said: "This section is broad enough to permit the party

committee of such party to fill any and all vacancies upon their party ticket.''

These direct rulings by this court, and the attitude of the majority in the Roach Case, makes clear the accepted doctrine that a party committee has authority to fill *any* vacancy which happens to be upon the nominated ticket, no matter how or when that vacancy occurs, whether by the death or resignation of someone nominated, or by the failure or inability of the electors at the primary to make a nomination.

We therefore conclude that in placing the name of Shumard upon the ticket the Republican County Committee of Harrison County was acting within the authority of the statute, and that he was regularly nominated and elected. It follows that Daisy McClure is unlawfully holding the office of Treasurer of Harrison County, and that the relator is entitled to the office.

A judgment and writ of ouster is ordered accordingly. All concur, except *Graves, J.,* who dissents in separate opinion.

GRAVES, J. (dissenting).—I have not changed the views which I expressed in Paragraph One of the opinion in State ex rel. v. Roach, 269 Mo. 1. c. 502 et seq. Under those views there could have been no election for the office involved in this case, and respondent, the appointee of the Governor, would hold for the unexpired term of Joseph B. McClure.

The views expressed in the Roach Case, supra, were the views entertained by the lamented Judge BOND, and myself in State ex rel. Hagerman v. Drabelle, 191 S. W. 691, although for reasons to him satisfactory, Judge BOND, did not sit in the Hagerman Case. He did sit in the Roach Case, supra, and concurred only in Paragraph One of that opinion. My views herein may prove as futile as they were in the Roach Case, but they are my views now, and with such views, I am forced to dissent from the opinion of my learned brother.