Ex Rel. PENROSE *v.* GREATHOUSE

No. 2681

February 19, 1925.          233 Pac. 527.

1. JUDGES—LEGISLATIVE POLICY IS TO FILL VACANCY FOR OFFICE OF DISTRICT JUDGE BY ELECTION AS SOON AS PRACTICABLE AFTER VACANCY OCCURS.

     Const. art. 17, sec. 22, and Rev. Laws, sec. 2812, relating to filling of vacancies in certain offices, manifests a legislative policy to fill vacancy for office of district judge by election as soon as practicable after vacancy occurs.

2. ELECTIONS—"VACANCY" IN NOMINATION FOR OFFICE OF DISTRICT JUDGE HELD TO EXIST WITHIN MEANING OF ELECTION LAW.

     Where, by reason of death, vacancy in office of district judge occurred shortly before a general election at which some one to fill office for unexpired term was required to be chosen, and no one had been appointed to such office, there was a "vacancy" in nomination within meaning of primary election law, secs. 4, 25, when considered with Const. art. 17, sec. 22, and Rev. Laws, sec. 2812, and such vacancy might be supplied at any time prior to election by a nomination, authenticated in mode pointed out by ballot law.

See (1) 33 C. J. sec. 57, p. 949, n. 91 (new) ; (2) 20 C. J. sec. 143, p. 127, n. 74.

ORIGINAL PROCEEDING in mandamus by the State, on the relation of M. R. Penrose, against W. G. Greathouse, as Secretary of State of the State of Nevada. **Writ issued.**

*Brown & Belford, Platt & Sanford,* and *Mack & Green,* for Relator.

*M. A. Diskin,* Attorney-General, for Respondent.

## · OPINION

By the Court, SANDERS, J.:

This was an original proceeding commenced in this court by the relator, M. R. Penrose, for a writ of mandamus to compel W. G. Greathouse, as secretary of state, to forthwith transmit the name of Clark J. Guild to the respective county clerks of Churchill and Lyon Counties as a candidate for the office of district judge of the Eighth judicial district, "unexpired term."

The undisputed facts of the case are as follows:

In November, 1922, at the general election for that

year, T. C. Hart was duly elected district judge of the Eighth judicial district of the State of Nevada, composed of the counties of Churchill and Lyon, for a term of four years, beginning January 1, 1923. Judge Hart qualified, and entered upon the duties of that office, and continued in the discharge of such duties until the 12th day of October, 1924, when he died.

On the 14th day of October, 1924, Governor Scrugham appointed George Kenny, of Churchill County, to fill the vacancy caused by the death of Judge Hart, and recited in his commission of appointment that the appointment was to continue until the vacancy "shall be supplied at the next general election."

M. R. Penrose, the relator, and other qualified electors in said judicial district, believing the vacancy in the office of district judge to be one which could be filled at the ensuing general election to be held on November 4, 1924, presented to W. G. Greathouse, secretary of state, a petition nominating Clark J. Guild, of Lyon County, as a candidate for the office of district judge of the Eighth judicial district, "unexpired term," which petition was authenticated in the method prescribed in section 25 of the primary election law (Statutes 1917, p. 276).

The respondent, W. G. Greathouse, as secretary of state, refused to file in his office the nomination petition of Clark J. Guild, for the reason that (as he deemed it) there was no vacancy in the office of district judge of the Eighth judicial district which could be filled at the ensuing November election.

Upon such refusal M. R. Penrose, on the 18th day of October, 1924, applied to this court for its writ of mandamus to compel the respondent, W. G. Greathouse, as secretary of state, to file in his office the nomination of Clark J. Guild and to forthwith transmit his name to the respective county clerks of said counties of Churchill and Lyon to be printed on the official ballot to be voted in those counties at the ensuing November election. To this petition the respondent appeared in person and by the attorney-general, his ex officio attorney.

Counsel for the respective parties, because of the

apparent necessity for a prompt decision of the case, waived all formalities that might have caused delay, and submitted the matter for decision upon a motion for judgment upon the petition for the writ. The questions to be determined being purely questions of law, the court, upon due consideration, sustained the motion for judgment and on the 22d day of October, 1924, ordered that the peremptory writ of mandamus issue as prayed, and assigned the cause for an opinion later to be rendered. To me has fallen the lot of writing the opinion.

As preliminary I deem it proper to state that Mr. Kenny, the governor's appointee, with becoming modesty, did not resist the petition for the writ, and abided the decision of the court. Without waiving, however, any of his rights under his commission, in order that he might not be precluded from becoming a candidate for the office which he was appointed to fill in the event the court should issue the writ of mandamus, he caused to be presented to the secretary of state a petition nominating him as a candidate for the office of district judge of the Eighth judicial district, "unexpired term." Counsel with commendable fairness stipulated that no objection would be made to Mr. Kenny's name being transmitted with that of Mr. Guild to said respective county clerks to be printed upon the official ballots for the ensuing November election in the event the court should determine to issue the writ.

The substance of the entire argument on the part of the secretary of state is that the existing primary law makes no provision for a nomination to fill a vacancy by petition, occurring, as in this case, within 22 days of the general election.

1. Section 22 of article 17 of the constitution and section 2812 of the Revised Laws of Nevada furnish a complete answer to this contention when read in connection with section 25 of the primary election law (Statutes 1917, p. 276).

Section 22 of article 17 of the constitution provides that—

"In case the office of any justice of the supreme court,

district judge or other state officer shall become vacant before the expiration of the regular term for which he was elected, the vacancy may be filled by appointment by the governor until it shall be supplied at the next general election, when it shall be filled by election for the residue of the unexpired term."

Section 2812 of the Revised Laws of Nevada provides that—

"Whenever any vacancy shall occur in the office of justice of the supreme court or district judge, or any state officer, the governor shall fill the same by granting a commission, which shall expire at the next general election by the people and upon the qualification of his successor, at which election such officers shall be chosen for the balance of the unexpired term."

These provisions of the organic and statute law show that the legislative policy of the state is to fill the vacancy for the office of district judge by election as soon as practicable after the vacancy occurs.

Section 4 of the primary election law provides that—

"All judicial offices and all school offices are hereby designated as nonpartisan offices, and the names of candidates for nonpartisan offices shall appear alike on the ballots of each political party without any party designation or party name thereafter."

Section 25 of said law reads as follows:

"Vacancies occurring after the holding of any primary election shall be filled by the party committee of the county, district, or state, as the case may be.

"In the event of vacancies in nonpartisan nominations, the vacancy shall be filled by the person who received the next highest vote for such nomination in the primary for such office. If there be no such person then the vacancy may be filled by a petition signed by qualified electors equal in number to five per cent of the total vote cast for representative in Congress at the last preceding general election in the county, district or state as the case may be. Such petition shall be filed on or before fifteen days before the November election."

This section (25) is the one relied upon as the authority for the nomination of Clark J. Guild for the office of

district judge and as authority to have his name printed on the official ballot for the ensuing November election in the Eighth judicial district of the State of Nevada.

The ground upon which the respondent sought to justify the position he assumed in refusing to file the nomination petition of Clark J. Guild was that section 25 did not reach the case, because the word "vacancies" used in this section has reference only to vacancies upon the nonpartisan ticket nominated at the September primary, and to no other vacancies, and there was no vacancy upon the ticket for the office of district judge, because that office at the date of the primary was not an office to be filled, and there could be no legal election to fill the unexpired term at the ensuing November election.

Our answer to this contention is that section 25 neither repeals nor limits the particular provision of section 2812, Revised Laws, touching the conduct of an election to fill a vacancy in an office occurring shortly before the general election. In State v. Hostetter, 137 Mo. 636, 39 S. W. 271, 38 L. R. A. 208, 57 Am. St. Rep. 515, it is said that a special provision (nearly identical in terms with that of section 2812, Revised Laws) governing the filling of a vacancy in a particular office should be obeyed, even as against a later law on the same general topic, unless the court finds ground to conclude that the later general law was intended to repeal or limit the more particular provision of the prior law.

2.   We quite agree with the learned attorney-general that the word "vacancies" as used in section 25 in respect to nonpartisan nominations means a vacancy in some such nomination. But, as said in State v. Hostetter, supra, where, by reason of death, as in this case, a vacancy in an office occurs shortly before a general election at which some one to fill the office for the unexpired term should be chosen, and no one has been nominated to said office (as in this case), there is a vacancy in the nominations within the meaning of the election law, and such a vacancy may be supplied, at any time prior to the election, by a nomination authenticated in the mode pointed out by the ballot law. This ruling of

the court is followed in State v. McClure, 299 Mo. 688, 253 S. W. 743.

We see no sufficient reason for saying that a vacancy could occur only by the death, resignation, or removal of a nonpartisan candidate nominated at a primary election. Section 2812, Revised Laws, provides for the election of some one to fill an unexpired term where the vacancy in the office occurs before a general election; and hence the provision found in section 25 of the primary election law "if there be no such person, then the vacancy may be filled by a petition" is broad enough to permit the qualified electors of a judicial district to make a nomination by petition authenticated in the mode pointed out by the statute.

We concede that a contingency might arise under section 25 in respect to vacancies in nonpartisan nominations which it is doubtful if this court would be able to meet. Assuming, for example, that more than two persons should be nominated by petition to fill a vacancy for an unexpired term, which of such nominees should have a place upon the general election ballot? We express no opinion upon the subject, but suggest that the question is one worthy of the attention of the legislature, so that, if it deems it advisable, the primary law may be so amended as to permit a vacancy in a nonpartisan office occurring shortly prior to a general election to be filled, no matter how or when such vacancy occurs.

In accordance with the views herein expressed, we sustained the motion for judgment on the petition of the relator, and ordered the peremptory writ of mandamus to issue.